WIGGINTON, Judge.
The sole issue in this appeal is whether the deputy commissioner erred in dismissing the Chittick claim as a sanction for her attorney’s failure to appear at a dismissal hearing when the attorney was not afforded proper notice. We agree with claimant’s contentions and reverse the deputy commissioner’s order of dismissal.
This is claimant’s second appeal that has grown out of her injury incurred in December, 1978. She filed her initial claim in October, 1979, while living in California, and when she refused the carrier’s request to come from California to attend her deposition, she suffered the deputy commissioner’s sanction of having her claim dismissed. Chittick appealed that September, 1980, order to this court.
While that case was on appeal, Chittick filed a new claim in December, 1980, seeking some different benefits than were in her original claim. The carrier filed a motion to dismiss this second claim on the grounds of being untimely filed and frivolous in view of the previous dismissal and pending appeal. The carrier’s “Motion to Dismiss”, included a paragraph entitled “Notice of Hearing” in which the carrier stated the requisite information as to time, date and location where the deputy commissioner would hear the motion. The pleading contained a certificate of service to Chittick’s attorney.
The next record activity is a letter from claimant’s attorney to the deputy commissioner dated April 2, 1981, stating that because the case was currently on appeal, the deputy had no jurisdiction over further proceedings. Without specifically mentioning the motion to dismiss or the noticed hearing, the letter also stated, “We received no due notice from your office as required by the statute in connection with any formal proceedings.”
On April 15, 1981, the deputy entered an order dismissing the second claim, stating:
In view of my prior order dismissing the previous claim for the claimant’s failure to cooperate in discovery proceedings, and in view of the failure of the claimant’s attorney to appear for the hearing on the Motion to Dismiss the claim of December 15,1980, it is hereby ordered and ajudged (sic) that the claim filed on December 15, 1980, is hereby dismissed.
From that order came this appeal.
The Industrial Relations Commission has held that a judge (now deputy) was “without jurisdiction to proceed with the hearing” where the record contained “nothing to show that the employer actually had notice of the hearing.” Burdines, et al. v. Wilson, IRC Order 2-2767 (June 18, 1974), cert. denied sub nom. Wilson v. Burdines, et al., 313 So.2d 38 (Fla.1975). Also see Luzak Food Corporation v. Dovel, IRC Order 2-3035 (Sept. 20, 1976), and Donald M. Patterson, Inc. v. Carnegie, IRC Order 2-2914, cert. denied 336 So.2d 600. Although the carrier’s certificate of service may be evidence that the claimant’s attorney had notice, Rule 7, WCRP, requires that an application for hearing be made to the division or the deputy commissioner, whichever is appropriate, and the hearing will be set and notice will be given by that entity. Rule 8 specifically provides that when a *600 hearing is to be held, The deputy .. . shall give the claimant and other interested parties at least fifteen days notice by certified mail.” That rule is supplemented by Section 440.25(3)(a) (1980 Supp.), requiring the deputy commissioner to issue notice of the proposed hearing upon the claimant and other interested parties by mail. We find the notice in this instance to have been incorrectly issued and statutorily deficient.
Even if service of the notice of hearing upon claimant’s attorney had been perfected, dismissal of the claim would still be in error. Except for Rule 10, WCRP, relating to pretrial procedures, wherein the presence of the party or his attorney is necessary to formulate further proceedings, there is no requirement that a party or his attorney attend any properly noticed Chapter 440 proceeding. The deputy may proceed with a properly noticed hearing even though a party has failed to appear. See Hoover Aircraft Products Co., et al. v. Rodriguez, 9 FCR 106, cert. denied sub nom., 315 So.2d 97 (Fla.1975). As a result, Rule 15 sanctions are found to be inappropriate and incorrectly applied as a legal basis for the dismissal of the claim for failure of claimant’s attorney to appear at the motion hearing.
We reverse and the claim is reinstated for further proceedings.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH, J., concur.