ROBERT P. SMITH, Jr., Chief Judge.
United States Fidelity and Guaranty Company, the carrier, and Ackel’s employer appeal the deputy commissioner’s order directing USF&G to reimburse claimant’s counsel about $50, the amount he paid to transcribe USF&G’s lengthy cross-examination of claimant’s physician during his deposition taken by claimant. We affirm.
Claimant sought reimbursement for the cross-examination transcript because it was lengthy and was prepared at the demand of USF&G’s counsel over the objection of claimant’s attorney. When notified the deputy had set a hearing on the motion, USF&G’s counsel sent a written objection that the deputy lacked jurisdiction due to a pending appeal on other issues [contra, Fla. W.C.R.P. 20(b)(3) ] and that:
2. There are no pending Motions which present any justiciable issue upon which the Deputy Commissioner can either rule or enter any Order which could be enforced or be of any consequence to the parties.
3. With the exception of the Employer/Carrier’s Motion to Tax Costs, the labors attempted to be imposed upon the Deputy Commissioner in setting the hearing, sending out the Notice, and entertaining any pending Motions, would be a complete waste of time.
USF&G’s counsel next failed to show up at the hearing to argue the merits of awarding claimant this cost. The deputy imposed the transcript cost on the carrier ostensibly as a sanction for this non-appearance.
It is incorrect to impose sanctions for failure to attend any chapter 440 proceeding except a pretrial conference. See Chittick v. Eastern Air Lines, 410 So.2d 598 (Fla. 1st DCA 1982). However, we decline to disturb the deputy’s conclusion, in effect, that the carrier should pay for a share of the transcript cost. Indeed, it is appellants who argue that the deputy did just this.
The notice of hearing sent to USF&G’s counsel on the motion to tax this *917 cost asked him for a reasoned response to claimant’s assertion that the cost was due. Instead, the deputy first received a reply to the effect that the deputy could not enter an order of any consequence and that hearing the motion would be a “complete waste of time.” Next, when carrier’s attorney failed to appear at the hearing, silence was the only response to claimant’s argument on the merits. Forced to rule on an inadequately opposed motion, the deputy determined to impose the cost. Since the carrier’s attorney openly scorned his opportunity to argue the merits before the deputy, we will not entertain his debate on this issue here.
At a time when Florida appellate courts and this Court particularly are struggling to manage caseloads among the highest in the nation, we are somewhat disappointed that USF&G authorized or acquiesced in counsel’s decision to take this appeal over a $50 cost item. This case involves no money of any significance (at least not until now), nor any principle of great importance to the workers’ compensation system. The chief purpose of this appeal appears to be the vindication of counsel’s opinion that claimant’s motion was so groundless as to merit his pronouncing the deputy’s hearing “a complete waste of time.” USF&G and the people who pay USF&G insurance premiums may decide for themselves whether that purpose justified USF&G’s expenditures for filing fees, record preparation costs, and fees for legal services, and the public’s expenditures for the operation of this Court.
The deputy’s order is AFFIRMED and appellee’s motion for attorney’s fees is GRANTED in the amount of $2,000.
LARRY G. SMITH and WIGGINTON, JJ., concur.