416 So.2d 902 (1982)
RICH INTERNATIONAL AIRWAYS, INC., and Hartford Insurance Company, Appellants,
v.
Luis CAHVASQUIS, Appellee.
No. AF-46.
District Court of Appeal of Florida, First District.
July 14, 1982.
Mark L. Zientz, of Williams & Zientz, Coral Gables, for appellants.
Mark J. Feldman, Miami, for appellee.
SHIVERS, Judge.
The employer/carrier appeal the deputy commissioner's workers' compensation order awarding Cahvasquis costs of nursing services and attorney's fee. We modify the award for nursing services and the award of attorney's fee and affirm the order as modified.
On December 10, 1979, Cahvasquis suffered an industrial injury during the course and scope of his employment. Following the injury, appellee entered the hospital where he remained until December 14, 1979. Although Cahvasquis made a timely request for nursing services, the carrier refused payment. Several days after he left the hospital, Cahvasquis' wife arrived from New York and treated his injuries for 15 days. Thereafter, appellee cared for himself. On July 2, 1981, the deputy commissioner entered an order awarding Cahvasquis costs of nursing services for four weeks, costs of proceedings and attorney's fee.
Section 440.13, Fla. Stat. (1979) provides for payment by the employer of fees for nursing services. When a spouse provides services which go beyond that which would normally be provided on a gratuitous basis, benefits for nursing services may be awarded. Silver Springs Sportswear v. Marlin, 389 So.2d 702 (Fla. 1st DCA 1980). The record provides an adequate basis for the award for the fifteen days the wife cared for the claimant. The record, however, indicates the claimant cared for himself before the wife arrived and after she left. Although Section 440.13(1) provides for an award if the employer refuses to pay and the employee personally expends money for nursing services, the statute does not provide for the payment of benefits for nursing services for the time during which the claimant cared for himself. Accordingly, the award was inappropriate to the extent it granted benefits for nursing services beyond fifteen days. The order below is modified to grant appellee *903 $1,200 for nursing services reflecting costs of these services at the rate accepted by the deputy commissioner. The award of an attorney's fee is justified by the record [Landers Construction v. Delauder, 417 So.2d 989 (Fla. 1st DCA 1981); Section 440.34(2) (a), Fla. Stat. (1979)], but not to the extent, if any, that the deputy commissioner considered the cost of unwarranted nursing services. Accordingly, the order is REVERSED in part and REMANDED for reconsideration of assessment of attorney's fee. The remainder of the order is AFFIRMED as modified.
McCORD and JOANOS, JJ., concur.