MILLS, Judge.
The employer/carrier appeal a workers’ compensation order awarding claimant attendant’s care from 1 March 1977 to 1 March 1978. We affirm.
Claimant is permanently and totally disabled. During the period 1 March 1977 to 1 March 1978, claimant was on crutches, totally without a hip. During this period, claimant’s wife quit her job for six weeks to care for him and, thereafter, continued to care for him six hours daily. She bathed him in bed, changed the bandage on his hip, brought him a urinal and emptied it, helped him dress, drove him, and fed him in bed.
The employer/carrier’s argument that the claim is barred because claimant did not comply with Section 440.13(1), Florida Statutes (1973), is without merit because this defense was not asserted at the hearing on the claim.
Contrary to the employer/carrier’s contention that there is no medical testimony as to claimant’s need for nursing services, there is substantial competent medical and lay testimony that claimant required attendant care.
Lastly, the employer/carrier asserts that the services performed by claimant’s wife were not nursing services and were gratuitously provided by the wife. Not so. The services provided by the wife were compensable services under Section 440.13, Florida Statutes (1973). Pan American World Airlines, Inc. v. Weaver, 226 So.2d 801 (Fla.1969) and Nezelek v. Terlizzese, 9 FCR 328, IRC Order 2-2869 (1975).
Having affirmed the deputy’s order on the merits, we affirm the attorney’s fee award to claimant’s attorney because the only argument made by the employer/carrier is that because the order was erroneous, the fee was erroneous.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.