443 So.2d 389 (1983)
WALT DISNEY WORLD CO., Appellant,
v.
Dorothy Conklin HARRISON, Appellee.
No. AN-430.
District Court of Appeal of Florida, First District.
December 30, 1983.
*391 Lee G. Schmudde, Lake Buena Vista, for appellant.
Donna L. Bergh of Walker, Buckmaster, Miller & Ketcham, Orlando, for appellee.
ZEHMER, Judge.
Walt Disney World appeals a worker's compensation order awarding Dorothy Harrison attendant care benefits for the month immediately following her release from the hospital after a spinal fusion operation. Disney contends that (1) no attendant care benefits were due because claimant actually took care of herself; (2) the amount of benefits awarded was not supported by competent, substantial evidence; and (3) in any event, no remedial care benefits should be payable prior to March 1, 1982, the date of a letter to Disney from claimant's attending physician indicating the need for such care. We reverse in part on issue 2 and affirm on the remaining issues.
Claimant is a young woman who studied dancing most of her life. She was employed as a dancer at Walt Disney World for several years. She first injured her back during a dance routine on January 11, 1981. After a spinal operation, she went home to recuperate and eventually returned to work. She neither requested nor received any attendant care benefits while recuperating at home on this occasion.
On August 2, 1981, claimant sustained a second back injury when she was dropped by a fellow dancer. As a result of this injury, claimant underwent a low back spinal fusion operation on February 5, 1982, by Dr. Reddick, an orthopedic surgeon approved by Disney to provide medical treatment to claimant. On February 12, 1982, claimant was discharged from the hospital to return home and recuperate. She was instructed to wear a full body cast, which greatly restricted her body movement, for one and one-half months following her discharge from the hospital. The cast, although described as "removable," was to be worn at all times except while bathing and taking care of personal hygiene. Claimant was not advised that her worker's compensation benefits would cover necessary attendant care during this period. Claimant normally lived alone in her own home, but she had made arrangements to temporarily reside with a friend who agreed to provide her care and assistance with such things as going to the bathroom, bathing, dressing, eating, cooking, changing her bed, and other necessary daily functions that claimant was unable to perform for herself while in the cast.
Unfortunately, several days after claimant's arrival at this temporary residence, her friend was injured in an automobile accident and rendered incapable of providing any assistance to claimant. Because of her lack of financial ability, claimant did *392 not hire anyone to provide her with needed care. Instead, claimant did what she could to care for herself. For example, being unable to walk unassisted, she had to slide off the bed or couch onto the floor and crawl to the bathroom. She could not wash herself, change her bed, nor properly feed herself. Claimant's mother, who lived in the Orlando area and held a full-time job, and another friend of the claimant came over as frequently as they could to provide assistance to claimant. Before claimant fully recovered, however, her mother became seriously ill and died. Claimant's emotional and psychological status deteriorated substantially during this period.
In a letter dated January 13, 1982, Dr. Reddick advised Disney that the claimant would be undergoing a back fusion operation. Disney, however, contends that it had no knowledge of claimant's need for attendant care until it received Dr. Reddick's letter dated March 1, 1982, wherein he explicitly advised Disney of claimant's need for such care during the period from February 12 through at least March 11, 1982. Claimant's attorney filed a claim for attendant care benefits for that entire four-week period, plus costs, interest, penalties, and attorney's fees. Disney declined to pay, and a hearing was held July 1, 1982. The deputy commissioner entered an order directing Disney to pay attendant care benefits to claimant for the described four-week period, calculated on the basis of four dollars per hour for sixteen hours each day (these being the estimated hours claimant was awake each day).
One is obviously led to inquire how this pitiful state of affairs could have come to pass and who, under the statutory scheme, should be held responsible for this tragic failure of the "self-executing system of worker's compensation" to provide for this deserving employee. We heard oral argument in this case and have devoted much time and attention to it because of our deep concern that anyone in such a helpless condition and so clearly qualified to receive attendant care should have been left to fend for herself.
Claimant argues, and the deputy agreed, that the award of attendant care benefits should be made on the basis of demonstrated need, without regard to whether such services were actually received and paid for by claimant, relying on Khawam v. Collision Clinics International, Inc., 413 So.2d 827 (Fla. 1st DCA 1982), and Coca-Cola Co.  Foods Division v. Long, 420 So.2d 900 (Fla. 1st DCA 1982).
Disney counters that the deputy erred as a matter of law in awarding any benefits because "the claimant cared for herself and actually never used the services." Rich International Airways v. Cahvasquis, 416 So.2d 902 (Fla. 1st DCA 1982). Therefore, Disney argues, the award to claimant is a prohibited windfall because the act only reimburses a claimant for the economic loss suffered. Brown v. S.S. Kresge Co., 305 So.2d 191 (Fla. 1974).
We find Disney's "windfall" argument to be absolutely frivolous. There is more than sufficient competent substantial medical and lay evidence in the record to support the deputy's finding that claimant's immobility, because of her injuries and the body cast, required that she have nonskilled attendant care during this period. Thatcher Glass Mfg. Co. v. Buyna, 411 So.2d 1029 (Fla. 1st DCA 1982). Although claimant was unfortunately left on her own much of the time, the evidence also establishes that some attendant care and services were provided by claimant's friends and mother. Claimant, therefore, was entitled to recover attendant care benefits under section 440.13(1), Florida Statutes (1981). Khawam v. Collision Clinics International, supra; Coca-Cola Co.  Foods Division v. Long, supra. The decision in Rich International Airways v. Cahvasquis, supra, is consistent with this result. The Brown case involved insurance benefits provided to the claimant by her employer in addition to worker's compensation benefits and is inapposite because Disney provided no attendant care whatsoever.
On the other hand, we are unable to agree with the deputy's method for estimating *393 the value of attendant care benefits that should be allowed. As construed in Rich International Airways v. Cahvasquis, supra, section 440.13(1) does not permit recovery of compensation for nursing or attendant care services claimant performed for herself, no matter how great the need for assistance from others may have been. The burden is on the claimant to prove by competent, substantial evidence the quantity, quality, and duration of the attendant services claimed. Thatcher Glass Mfg. Co. v. Buyna, supra. It was improper for the deputy to allow compensation for attendant care services for every hour he estimated the claimant to have been awake without regard to the actual performance of services by persons other than claimant. Since there was no competent, substantial evidence to support the award on the basis of sixteen hours per day, the amount of that award must be vacated.
Claimant is, however, entitled to receive compensation for attendant care services provided by the friend with whom she temporarily lived and by her mother and other friend who came by from time to time to care for her needs. In the usual case, time spent for shopping, cooking, and performing other ordinary household services by a spouse or other family member is considered gratuitous and cannot form the basis for an award for attendant care services. State Dept. of Agriculture and Consumer Services v. Handy, 413 So.2d 808 (Fla. 1st DCA 1982); B.G. Willis Painting v. Willis, 413 So.2d 1276 (Fla. 1st DCA 1982). But when a spouse or family member provides services that go beyond those which would normally be provided on a gratuitous basis, compensation for nursing or attendant care services may be awarded. Rich International Airways v. Cahvasquis, supra. The gratuitous services contemplated by this general rule are those which would normally be provided by family members who live with the claimant and usually perform like services for the benefit of the household. See, e.g., Silver Springs Sportswear v. Marlin, 389 So.2d 702 (Fla. 1st DCA 1980). It is not the purpose of section 440.13 to burden family members with medically required nursing services and unskilled attendant care when claimant leaves the hospital and returns home.
We do not believe that the care and services provided by claimant's mother and friends fall within the above rule excluding gratuitous family services, even though such services involved shopping for food, cooking, doing laundry, and similar household services. Claimant ordinarily lived alone in her own home, and both her mother and friends substantially departed from their usual daily routine to visit her and provide special care and services required during claimant's post-operation recovery. On remand, the deputy commissioner should determine the quantity, quality, and duration of the care and services provided by these individuals, determine the appropriate value thereof, and make a commensurate award for attendant care benefits. The deputy may take additional evidence on this issue if deemed necessary.
Finally, Disney's contention that benefits should not be allowed prior to Dr. Reddick's March 1 letter formally requesting attendant care is without merit. Claimant argues that Disney was informed by Dr. Reddick's January 13 letter that she was to have a spinal fusion operation; thus Disney either knew of her need for attendant care or knew of the nature of her injury and treatment so that knowledge of her need for attendant care should be imputed to Disney. Disney replies that the January 13 letter was not adequate notice of the prospective need for attendant care services because it did not advise Disney that claimant would be discharged in a body cast. Disney also points to the fact that claimant had previously undergone back surgery and did not request or receive such care on that occasion.
Ordinarily, a claimant should know whether she needs attendant care, and section 440.13(1) explicitly requires that the employer pay the employee for such services, if actually needed, when requested by *394 the employee. Here, claimant made no such request. But unless claimant knew that such services would be provided under the act, how could she be expected to make such a request? We have been troubled by this case because the young claimant was apparently not aware of her right to such care until approximately March 1, some three weeks after her discharge from the hospital on February 12, 1982. Should claimant's failure to request such care be allowed to excuse the employer from responsibility for such obviously needed benefits from February 12 until the March 1 letter? We do not believe so.
No section of the act explicitly directs an employer to inform a claimant of the employee's rights, benefits, and obligations under the workers' compensation act in the manner section 440.185(4) requires the Division to so inform an employee when notice of a claim is received. Nevertheless, an employer must offer or furnish benefits when the employer knows, or should know from facts properly and diligently investigated, that such benefits are due. An employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203, 211 (Fla. 1st DCA 1981); Holiday Care Center v. Scriven, 418 So.2d 322, 327 (Fla. 1st DCA 1982). This obligation cannot be met unless the employer informs the injured worker of the benefits to which he or she is entitled. Section 440.13(1) requires the employer to pay the claimant for attendant care services obtained by her, even though not first requested, if the nature of the injury requires such nursing services and if the employer, having knowledge of the injury, failed to provide such services. City of Leesburg v. Balliet, 413 So.2d 860 (Fla. 1st DCA 1982). The nature of the claimant's injury and necessary treatment may be such as to impute knowledge of claimant's need for attendant care services to the employer. Ibid., Silver Springs Sportswear v. Marlin, supra. There was no error in the deputy's finding that benefits were due from February 12, 1982.
There is also another and equally important ground for sustaining the award of benefits from February 12, 1982. The record does not show that Disney's alleged failure to receive notice before the March 1 letter actually prejudiced its ability to investigate and determine the validity of claimant's need for attendant care services. Nor has Disney asserted that it has been so prejudiced by claimant's understandable failure to request care immediately upon her discharge from the hospital. Disney was notified by the March 1 letter of claimant's need for care before that need had ended, and prompt investigation by Disney would have readily revealed the sufficiency of the claim. In the absence of demonstrated prejudice to Disney, claimant's attendant care benefits should be paid from February 12, 1982, even though not formally requested until March 1. Hughes v. Public Finance Service, Inc., 319 So.2d 18 (Fla. 1975).
We vacate the amount of benefits and remand for redetermination of the proper amount due consistent with this opinion. Appellee concedes, and we agree, that no penalties should be assessed on this redetermined amount. In all other respects, the order is affirmed.
AFFIRMED IN PART and REVERSED IN PART.
ROBERT P. SMITH, Jr., and WENTWORTH, JJ., concur.