458 So.2d 1147 (1984)
Bonnie Heath FARM and the Hartford, Appellants,
v.
Franklin FERRELL, Appellee.
No. AX-370.
District Court of Appeal of Florida, First District.
October 26, 1984.
Rehearing Denied December 4, 1984.
Jack A. Langdon of Jones & Langdon, Gainesville, for appellants.
Daniel L. Hightower of Green, Simmons, Green, Hightower & Gray, Ocala, for appellee.
WENTWORTH, Judge.
This is an appeal from a workers' compensation order of February 15, 1984, awarding payment under Chapter 440, Florida Statutes, for nursing services to claimant's wife at the rate of $3.35 per hour, eight hours per day, seven days a week, retroactive to January 23, 1976. Claimant was accepted as permanently totally *1148 disabled by the appellant carrier in 1976, and the parties then stipulated to a fee for nursing services "from the date of accident [2/20/75] to the date she was married to the Claimant" on January 23, 1976, with provision for a new claim in event of further entitlement. Three hours' daily care had been voluntarily authorized as of May 2, 1983, and appellants challenge the order granting five additional daily hours' care from that date as well as the entire award for earlier years. We affirm.
The record is replete with both expert and lay testimony as to claimant's need for medical monitoring and assistance with basic personal activity, including his repeated incidents of drug overdose before and after the initial payment for nursing services, supra. Based on the stipulated termination date, coinciding with claimant's marriage to the provider of such service, appellants "suggest that the only conclusion to be drawn from that agreement and order is that all the parties recognize that once she married the claimant she was excluded from payment for her services because the services were of the type that fall within the gratuitous presumption when performed by a spouse." We find no such inference in this case.[1] Even the current statute, § 440.13(2)(d), Florida Statutes, as amended in 1983 to codify the earlier decisional rule, clearly contemplates compensation for family members who render nonprofessional custodial care except "when the services they provide do not go beyond those which are normally provided by family members gratuitously." The deputy in this case properly concluded that the evidence before him substantiated payment for services of the nature and duration awarded, because they were required by claimant's injury and therefore were not such services as are normally provided by family members gratuitously.[2]
With respect to the cross-appeal asserting error in the hourly rate of compensation, we find sufficient support for the deputy's award.
Affirmed.
SHIVERS and NIMMONS, JJ., concur.
NOTES
[1] Appellee argues with some persuasiveness: "... such a presumption would be discrimination based on marital status. If services are needed, it would be discriminatory to pay a nurse's aide who lived in, but not pay a nurse due to the mere fact of marriage."
[2] Cf. Walt Disney World v. Harrison, 443 So.2d 389, 393: "It is not the purpose of section 440.13 to burden family members with medically required ... unskilled attendate care... ."