ZEHMER, Judge:
In this workers’ compensation case, the employer and carrier seek review of an order of the deputy commissioner that does not dispose of all matured issues in controversy between the parties. Claimant’s attorney filed a claim and requested a hearing on issues of temporary total disability, medical treatment, interest, costs, and attorney’s fees. At the beginning of the hearing, claimant’s attorney announced, pursuant to agreement by opposing counsel, that the proceeding would be bifurcated and the employer and carrier “will assert the Statute of Limitations and I guess that may be the only thing you [the deputy commissioner] will have to decide.” (R.2) Further discussion indicated that medical issues and average weekly wage issues would not be considered at this hearing, and claimant’s attorney reiterated that the legal issues to be considered were the statute of limitations and whether the injury occurred in the course and scope of employment. After the hearing the deputy entered an order that not only determined these two issues but also concluded that “claimant is in need of medical attention and the employer/carrier is herewith ordered to furnish to her such medical attention as the nature of her injury and the process of her recovery may require.” (R.165) The order also provided that “the issue of compensation due the claimant will be handled administratively between the parties, but in the event of a conflict, either party may return to this Court for clarification of the legal issue involved.” (R.165) This order does not constitute a final disposition of all issues concerning the claim for compensation and extent of medical benefits due claimant. Because the order disposes of less than all matters ripe for determination, it is interlocutory and not reviewable by appeal. Industrial Steel v. Robinson, 444 So.2d 1117 (Fla. 1st DCA *954 1984); Southern Wine & Spirits, Inc. v. Hernandez, 442 So.2d 1061 (Fla. 1st DCA 1983); Sheffield Steel Products v. Tripp, 433 So.2d 46 (Fla. 1st DCA 1983); LaCroix Construction Co. v. Bush, 431 So.2d 712 (Fla. 1st DCA 1983); Town of Palm Beach v. Watts, 426 So.2d 1312 (Fla. 1st DCA 1983). Accordingly, this appeal is dismissed sua sponte. Such dismissal shall not preclude review of this order upon subsequent appeal from a final order.
We feel compelled to comment upon the failure of the appellee’s brief to conform to the applicable rules of procedure. Rule 4.220(f), Fla.W.C.R.P., requires that “the style and contents of briefs shall conform to the requirements of Rule 9.210, Fla.R.App.P.” Rule 9.210(c) describes the required contents of an appellee’s answer brief and specifically states that “the statement of the case and of the facts shall be omitted unless there are areas of disagreement, which should be clearly specified.” This simple, concise statement plainly means that the appellee’s answer brief shall not contain a reiteration of the statement of the case and of the facts stated in appellant’s brief, but shall only state wherein appellee disagrees with appellant’s statement and supplement that statement to the extent necessary to correct any material misstatements and omissions in appellant’s statement. The appellee’s answer brief filed in this case contains almost a verbatim copy of the statement of the case and facts found in appellant’s brief. At no point does appellee clearly specify any areas of disagreement with appellant’s statement. Were it not for the dismissal of this appeal for lack of jurisdiction, we would have stricken appellee’s brief for noncompliance with the rules.
This requirement of rule 9.210(c) is not complied with in a substantial number of briefs filed in this court, not only in workers’ compensation cases but in general civil, criminal, and administrative litigation. The caseload on the judges of this court does not permit time to search through an appellee’s “restatement” of the case to determine if areas of disagreement exist. An appellee failing to comply with this requirement runs a substantial risk of having the court accept the facts stated in appellant’s brief as correct.
DISMISSED.
WENTWORTH and NIMMONS, JJ., concur.