MILLS, Judge.
In this workers’ compensation appeal from an order awarding temporary total disability (TTD) and permanent total disability (PTD) benefits, as well as ongoing medical treatment, the employer/carrier assert error in the deputy commissioner’s failure to find Turner’s pre-existing multiple sclerosis (MS) was only temporarily exacerbated by the industrial accident, such that there is no causal connection between the accident and Turner’s permanent disability. The employer/carrier submit further error was committed by the deputy commissioner when he failed to apportion Turner’s noncompensable, pre-existing physical disability out of the permanent total disability award. We affirm the order on appeal.
Turner was employed as a manager with the employer herein, Vanguard Pest Control, when on 21 March 1984 he fell approximately 12 feet off a patio roof. Turner injured his head and shoulder, fractured several ribs and his pelvic bone, and broke several bones in the fingers of his right hand.
*67 Turner remained off the job for two months, receiving TTD benefits. In June of 1984, he began work with the employer doing sales. However, he subsequently experienced a loss of vision and was admitted to Southeastern Medical Center on 3 July 1984. He was examined by Drs. Rech, Gajic and Surloff, all of whom diagnosed cervical spondylosis and stenosis. Dr. Sur-loff also noted evidence of brain stem dysfunction which suggested that Turner could be suffering from multiple sclerosis.
The claimant was then referred to Dr. Green, a neurosurgeon, who performed a cervical discectomy and fusion due to a herniated disc. Turner experienced improvement following the surgery and Dr. Green released him to return to work in October 1984. However, in November Turner began having bladder problems, loss of balance, and loss of sight in his right eye. He was referred to Dr. Kelly for consultation and readmitted to the hospital, at which time a diagnosis of multiple sclerosis was made. Turner has continued under Dr. Kelly’s care since that time and has not returned to work since November of 1984.
An order was entered on 3 February 1986, finding Turner was PTD, and that the trauma of his industrial accident and subsequent surgery aggravated his pre-ex-isting MS, such that Turner’s MS was causally related to his on-the-job accident. The deputy commissioner further found that Turner had a 10% impairment of the body due to the pre-existing MS; however, the deputy commissioner did not apportion this percentage out of the award because Turner’s MS was not disabling prior to the industrial accident.
The employer/carrier contend that Turner’s MS was only temporarily aggravated by his accident based on the fact that Turner recovered after his spinal surgery and returned to work; thus, there is no connection between the accident and his current status of PTD. Turner counters by arguing that prior to the accident he was non-symptomatic and following the surgery, necessitated by the accident, he became symptomatic.
All of the physicians who testified at the hearing concurred on the fact that stress from surgery can cause an exacerbation of multiple sclerosis, although it cannot cause the illness. MS is a degenerative disease of the nervous system which is characterized by intermittent exacerbations and remissions. MS victims get worse, then get better, and this trend goes on for many years, during which time certain things such as extreme heat and stress can precipitate a worsening of the victim’s condition.
Under this point, the employer/carrier have essentially asked this court to reweigh the evidence; however, there is competent substantial evidence in the record to support the deputy commissioner’s determination that there is a causal relationship between the industrial accident and Turner’s total disability. Accordingly, we affirm this finding.
Regarding the issue of whether the deputy commissioner should have apportioned Turner’s pre-existing physical impairment out of the PTD award, we find no error was committed as the employer/carrier failed to carry their burden of proof by not establishing that Turner’s pre-existing impairment was disabling prior to the accident, in the sense of having an economic impact, or would have become disabling in this manner without the intervening event of his industrial accident. Apportionment is proper only when and to the extent that a pre-existing disease either (1) was disabling at the time of the accident and continued to be so at the time the award is made or (2) was producing no disability at the time of the accident but through its normal progress is doing so at the time permanent disability is determined and an award is made. Evans v. Florida Industrial Commission, 196 So.2d 748, 752 (Fla.1967); Lemus v. Industrial Site Services, 482 So.2d 472 (Fla. 1st DCA 1986).
The question of what percentage of disability would Turner have had at the time of the hearing if the industrial acci *68 dent had never occurred was not asked of the various physicians who testified by counsel for the employer/carrier. This is unfortunate because without an answer to this question the deputy commissioner was not in a position to determine what percentage of disability, if any, could have been apportioned out of Turner’s award of PTD. Evans v. Florida Industrial Commission, supra.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.