509 So.2d 1156 (1987)
KRAFT DAIRY GROUP and Ideal Mutual Ins. Co., Appellants,
v.
Larry R. SORGE, Appellee.
No. BN-57.
District Court of Appeal of Florida, First District.
June 17, 1987.
*1157 Henry Fierro, Miami, and Jay M. Levy, of Hershoff & Levy, Miami, for appellants.
Jeffrey C. Fox, of Ress, Gomez, Rosenberg, Howland & Mintz, North Miami, for appellee.
WENTWORTH, Judge.
Appellant contends in this appeal from a workers' compensation order that the deputy erred in the award of attendant care by including ordinary household services. We affirm.
As amended in 1983, section 440.13(2) states that:
The employer shall provide appropriate professional or nonprofessional custodial care when the nature of the injury so requires; provided, however, family members shall not be paid for such care when the services they provide do not go beyond those which are normally provided by family members on a gratuitous basis.
Bonnie Health Farm v. Ferrell, 458 So.2d 1147 (Fla. 1st DCA 1984), indicates that this statutory amendment merely codifies the existing decisional rule, and contemplates compensation for family members who provide nonprofessional care required by an industrial injury. Where an industrial injury necessitates additional services beyond the usual routine an attendant care award is proper even though the additional services are furnished by a family member. See Walt Disney World Co. v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983). In the present case the evidence establishes claimant's need for attendant care and household services which he formerly provided for himself. The deputy's award of payment for such services now provided by claimant's spouse is thus appropriate within the rule recognized in Walt Disney World and Ferrell.
Attendant care was awarded retroactive to November 2, 1984, the date a claim was filed. The claim did not contain a request for attendant care and employer/carrier argue on appeal that such a retroactive award is improper. As Walt Disney World indicates, an employer/carrier may be responsible for the provision of attendant care even in the absence of a claimant request where the nature of the claimant's injury and necessary treatment are such as to impute knowledge of the need for attendant care. Walt Disney World also suggests that a retroactive award without request may be appropriate where employer/carrier's ability to investigate was not prejudiced. In the present case employer/carrier does not assert prejudice, and the nature of the injury and necessary treatment is such as to impute knowledge as to the need for attendant care.
Affirmed.
MILLS and BARFIELD, JJ., concur.