557 So.2d 951 (1990)
Vivian FAVORS, Appellant,
v.
WALGREEN COMPANY and Travelers Insurance Company, Appellees.
No. 89-1598.
District Court of Appeal of Florida, First District.
March 9, 1990.
Emil Jaczynski, Fort Lauderdale, for appellant.
Anthony J. Beisler, III, of Beisler & Beisler, Fort Lauderdale, for appellees.
PER CURIAM.
Vivian Favors, claimant, appeals from a final workers' compensation order denying her claim for full-time attendant care, payment for retroactive attendant care, attorney's fees, and costs. We reverse for the following reasons.
The record does not support the judge of compensation claims's finding that claimant was entitled to future attendant care benefits in the amount of only two hours per day. The uncontroverted evidence established that claimant has been required to use a wheelchair since August 1988 and that she needs at least four hours' attendant care per day. The record also fails to support the judge's finding that there was no evidence that employer and carrier should have known to provide *952 attendant care to claimant prior to her filing a claim for such benefits. The record shows that the carrier authorized the wheelchair pursuant to claimant's authorized physician's prescription for her in August 1988. This notice gave rise to an obligation on the part of employer and carrier to properly and diligently investigate the facts to determine whether claimant was wheelchair bound and needed any form of attendant care. Cf. Walt Disney World v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983). Since the uncontroverted evidence shows that claimant has needed a wheelchair since August 22, 1988, and that she needs attendant care for at least four hours per day, we reverse with directions that the judge of compensation claims order employer and carrier to pay claimant retroactive attendant care benefits and provide future attendant care benefits. The amount of future care to be authorized shall be redetermined by the judge, but in no event shall it be less than four hours per day.
The denial of attorney's fees and costs to claimant is reversed, as she is entitled to such fees and costs under section 440.34(3) and 440.34(3)(a), Florida Statutes (1987).
REVERSED and REMANDED.
SHIVERS, C.J., and JOANOS and ZEHMER, JJ., concur.