569 So.2d 462 (1990)
Donald SMITH, Jr., Appellant,
v.
DRW REALTY SERVICES and Aetna Life & Casualty, Appellees.
No. 89-1104.
District Court of Appeal of Florida, First District.
September 7, 1990.
On Denial of Rehearing November 15, 1990.
William G. Berzak, Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Daniel DeCiccio and Maureen Moore of DeCiccio & Broussard, P.A., Orlando, for appellees.
JOANOS, Judge.
Donald Smith, Jr. has appealed from an order of the judge of compensation claims denying his claim for attendant care benefits and for attorney's fees. We reverse and remand for further proceedings.
Smith suffered a compensable injury to his low back in September 1983. In April 1985, based on a merger of this injury with a pre-existing spinal cord defect, his treating physician, Dr. Keller, declared him 100% disabled. The employer/carrier thereafter voluntarily accepted him as permanently totally disabled.
In November 1985, Dr. Keller surgically implanted electrodes in Smith's brain, which could be externally stimulated for pain control. Although he had functioned independently prior to the surgery, Smith thereafter moved to Texas to receive assistance with household and personal services from his parents. In June 1987, Smith sought and the employer/carrier authorized care by an osteopath, Dr. Siewart. *463 Siewart testified that, from June 1987 until August 1988, Smith's physical and psychiatric conditions necessitated 24-hour per day attendant care, although he qualified this opinion by deferring to Dr. Keller on the subject.
In December 1987, Smith returned to Florida to consult Dr. Keller regarding his brain implants, which were no longer working. Keller at that time believed that Smith was "psychotic and incapable of self management," and that he "would think Smith needed attendant care psychiatrically." However, Keller deferred to Smith's psychiatrist on the issue, and was himself adamant that Smith's physical condition did not require attendant care.
Keller performed further brain surgery in March 1988 to replace the non-functioning electrodes, and did not thereafter treat Smith. However, Keller returned him to Texas with the recommendation that he consult a psychiatrist. Pursuant to that recommendation, Smith consulted Dr. Freund from May to November 1988. Freund completely disagreed with Dr. Keller, finding that Smith suffered, not from a psychiatric condition, but from the "medical" condition of "chronic pain syndrome." Freund found no need for psychiatric attendant care, and while he felt that such care might be physically necessary, stated that he would defer to Dr. Keller on the issue.
Smith filed the instant claim for attendant care in August 1988. After a January 1989 hearing, the judge entered his order denying the claim, relying primarily on the lack of medical testimony on the necessity for attendant care. He acknowledged that all of Smith's doctors had testified to a need for attendant care, but rejected those opinions in that none of the doctors had found such a need in his own speciality. The judge also cited as a reason to deny the claim Smith's failure to request attendant care from the employer/carrier.
With regard to the absence of a physician's recommendation of attendant care services, such a recommendation was not a prerequisite.[1]John Barley Memorial v. Gillam, 550 So.2d 1179, 1180 (Fla. 1st DCA 1989), citing Lopez v. Pennsuco Cement & Aggregates, Inc., 401 So.2d 875, 876 (Fla. 1st DCA 1981). In Lopez, the judge denied attendant care services, and the employer/carrier argued for affirmance in that no physician had recommended such care. This court reversed and remanded for further consideration of the claim, noting that "the overwhelming weight of the evidence in this record" supported the need for such care.
Further, an employer has a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker. An employer must offer or furnish benefits when the employer knows, or reasonably should know, from facts properly and diligently investigated, that such benefits are due. Sistrunk v. City of Dunedin, 513 So.2d 200, 202 (Fla. 1st DCA 1987).
Here, the employer/carrier accepted Smith as permanently totally disabled after notification by his treating physician that he was 100% disabled. Further, Smith moved to Texas to live with his parents after brain surgery necessitated by his injury, despite having previously managed on his own. While there, Smith continued to seek medical and psychiatric care, including additional brain surgery to replace malfunctioning electrodes. Finally, while none of Smith's treating physicians specifically recommended attendant care to the carrier, all of them opined that it was warranted to some degree by Smith's overall condition.
Despite these facts and circumstances, the employer/carrier concedes that it performed no investigation to determine if attendant care was necessary. Smith's *464 failure to request the care is irrelevant if the nature of the injury requires such benefits, Favors v. Walgreen Co., 557 So.2d 951, 952 (Fla. 1st DCA 1990), and there is no evidence to support the judge's finding that the employer/carrier was prejudiced by this lack of notice. See Kraft Dairy Group v. Sorge, 509 So.2d 1156, 1157 (Fla. 1st DCA 1987).
Based on the foregoing authorities, the judge erred in denying the claim for attendant care based on Smith's failure to request it, and on the absence of medical recommendation for such care. The order is reversed and the case remanded for reconsideration of the claim in light of Smith's actual need for attendant care services.
Reversed and remanded with directions.
SHIVERS, C.J., and MINER, J., concur.

ON MOTION FOR REHEARING
By opinion filed September 7, 1990, this court reversed the denial of appellant Smith's claim for attendant care benefits. The judge denied the claim on the ground that no physician recommended attendant care, and on Smith's failure to request it. We held that, at the time the judge entered his order, a physician's recommendation was not necessary for an award of attendant care, if such care was warranted by the nature of the claimant's injury. We also held that the nature of Smith's injury obligated the employer/carrier to investigate for possible attendant care need, regardless of a request therefor by Smith.
In the instant motion for rehearing, the employer/carrier raise two issues, only one of which requires discussion herein. They allege that this court overlooked an affirmative offer of attendant care, which Smith rejected. However, a review of the record reveals that the "offer" alleged by the employer/carrier consisted of telling Smith telephonically that, if he felt he needed such care, all he had to do was request it and it would be provided.
We find that an offer couched in these terms is an impermissible attempt by the employer/carrier to avoid its "continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker." Sistrunk v. City of Dunedin, 513 So.2d 200, 202 (Fla. 1st DCA 1987). An employer must offer benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due. Sistrunk at 202 (emphasis supplied). This language does not admit of the interpretation urged by the employer/carrier, that telling the claimant to make the judgment regarding his need for care fulfills its obligation to investigate and offer benefits, if needed.
The motion for rehearing is denied.
SHIVERS, C.J., and MINER, J., concur.
NOTES
[1] We note that, effective July 1, 1990, section 440.13(2)(f), Florida Statutes (Supp. 1990), provides in pertinent part that "[a] physician must state that home or custodial care is necessary as a result of the accident... ." However, this provision applies only to attendant care benefits rendered after the July 1, 1990 effective date. See, e.g., Mr. C's TV Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990); Thorarinsson v. Robert F. Wilson, Inc., 563 So.2d 710 (Fla. 1st DCA 1990); Firestone Tire & Rubber v. Knowles, 561 So.2d 1293 (Fla. 1st DCA 1990).