WOLF, Judge.
Smith (claimant) appeals from an order of the judge of compensation claims (JCC) which, among other things, dismissed the claimant’s request for attendant care benefits. The claimant asserts that (1) the JCC erred in finding that proceeding with the hearing in the absence of the claimant was improper; (2) the JCC erred in failing to admit certain telephone depositions into evidence; (3) the JCC erred in concluding that the order of April 3, 1989, was the law of the case regarding claimant’s further request for attendant care benefits; (4) there was no competent substantial evidence to support the judge’s determination that more evidence was necessary to clarify and assess the duration, amount, and quality of attendant care needed by the claimant; (5) the JCC erred in denying claimant’s request for attendant care benefits from January 23, 1989, through the date of the hearing; (6) the JCC erred in denying claimant’s request for reimbursement for telephone bills incurred by claimant in connection with medical treatment.
We find merit in claimant’s allegations one, three, and five, and reverse on those issues. We affirm as to issues two and six, and determine that in light of our ruling herein, it is unnecessary for us to reach issue four.
Claimant injured his lower back in September 1983. On August, 18,1988, he filed a claim for past and future attendant care.[1] *509 A hearing was held on January 23, 1989. On April 3, 1990, the JCC issued an order which denied the claim, relying “primarily” on the lack of medical testimony concerning the need for attendant care and on “Smith’s failure to request attendant care from the employer carrier.” See Smith v. DRW Realty Services, 569 So.2d 462, 463 (Fla. 1st DCA 1990). That order was appealed to this court.
In early January 1990, the claimant filed a second amended claim for benefits. The claimant sought, inter alia, (1) reimbursement for attendant care since the date of the April 3, 1989, hearing, and (2) reimbursement for telephone calls to his doctors.
A hearing was held on the claimant’s amended request for benefits on January 4, 1990. The claimant did not appear at this hearing, although he was represented by counsel. At the hearing, the JCC denied the request of the claimant’s attorney to introduce the telephone depositions of the claimant and a rehabilitative nurse.
On January 9, 1990, the JCC entered the order being appealed in this case. In pertinent part, the order stated that “the order of ‘April 3, 1989’ governs this case”; based on the previous order, the determination concerning attendant care was premature; hearing the claim was improper in light of the claimant’s absence; the telephone depositions were inadmissible; and claimant was not entitled to reimbursement for certain telephone calls made to his doctor.
Subsequent to rendition of that order, this court issued its opinion on the appeal from the April 3, 1989, order. In Smith v. DRW Realty Services, 569 So.2d 462 (Fla. 1st DCA 1990), this court held that “the judge erred in denying the claim for attendant care benefits based on Smith’s failure to request it and on the absence of medical recommendation for such care. The order is reversed and the case remanded for reconsideration of the claim in light of Smith’s actual need for attendant care services.” Id. at 464.
Clearly, in light of the previous opinion of this court, the trial judge’s determination of the legal effect of the April 3, 1990, order was in error.
It is also not apparent from the record why the JCC rejected the unrefuted medical testimony of Dr. Siewert concerning claimant’s need for attendant care from January 23, 1989, until the date of the latest hearing. The JCC indicated that ruling on this matter'would be premature in light of the previous appeal, and that the findings from the pain clinic were inconclusive. The initial appeal has been finalized, and while the evidence from the pain clinic may be inconclusive, it did not contradict Dr. Siewert’s opinion. We, therefore, remand for further consideration of claimant's request for attendant care benefits in light of this court’s previous Smith opinion and Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989).
The JCC’s order also found that “the hearing in this case is improper,” that the claimant should appear in person at the hearing to offer testimony, and based on the facts of this claim, the absence of the claimant at the hearing prejudiced the employer/carrier. No explanation was given as to how the E/C was prejudiced by the claimant’s failure to appear. There is no evidence that the E/C had requested a subpoena to compel claimant’s attendance or that the E/C requested a continuance. No law has been cited to show that the claimant’s presence at the hearing was required. Cf. Chittick v. Eastern Airlines, 410 So.2d 598 (Fla. 1st DCA 1982) (held it was improper to dismiss claim for attorney’s failure to appear; nothing requires party or his attorney to attend chapter 440 proceeding). There is no support for the JCC’s finding that proceeding with the hearing in the absence of the claimant would be improper.
We find that the JCC did not abuse his discretion in refusing to admit the telephone depositions absent a prior *510 agreement or order relating to the use of telephone depositions. See rule 1.310(b)(7), Fla.R.Civ.P., and rule 2.070(c)(1), Fla.R.Jud. Administration. We also find that the JCC did not abuse his discretion in denying the claimant’s request for reimbursement of long-distance telephone calls made to his doctor. See § 440.13(2)(a), F.S. (1989).
Affirmed in part, reversed in part, and remanded with directions to conduct further proceedings consistent with this opinion.
ERVIN and ALLEN, JJ., concur.

. The claimant had an extensive medical and psychiatric history and received PTD benefits' *509 between 1983 and 1988. In light of the decision of this court in Smith v. DRW Realty Services, 569 So.2d 462 (Fla. 1st DCA 1990), and its detailed discussion of the facts, it is unnecessary for us to repeat the discussion of these matters.