616 So.2d 1103 (1993)
ATTITUDES & TRENDS and Aetna Life & Casualty Company, Appellants,
v.
Michael ARSUAGA, Appellee.
No. 91-3769.
District Court of Appeal of Florida, First District.
April 8, 1993.
Daniel De Ciccio and Maureen L. Moore, De Ciccio & Broussard, P.A., Orlando, for appellants.
O. John Alpizar, Alpizar & Gray, P.A., Palm Bay, and Bill McCabe Shepherd, McCabe & Cooley, Longwood, for appellee.
JORGENSON, Associate Judge.
The employer/carrier appeal a workers' compensation order by which the claimant was awarded attendant care benefits and found entitled to an attorney's fee. We reject the employer/carrier's contention that section 440.13(2)(f), Florida Statutes (Supp. 1990), precludes an award of attendant care for services rendered before a physician prescribes such care or states that it is medically necessary. The claimant presented the required medical testimony at a hearing on the claim, and the statute does not mandate that the physician must state his opinion or provide a prescription before the care commences.[1] Furthermore, the circumstances were sufficient to put the employer/carrier on notice of the need to investigate the claimant's possible entitlement to such benefits. It is well established that the employer/carrier may not avoid payment by hiding behind a "wall of willful ignorance." Davis v. Edwin M. Green, Inc., 240 So.2d 4 (Fla. 1970); see also, e.g., Smith v. DRW Realty Services, *1104 569 So.2d 462 (Fla. 1st DCA 1990); Sistrunk v. City of Dunedin, 513 So.2d 200 (Fla. 1st DCA 1987); Walt Disney World Inc. v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983).
The appealed order is affirmed.
WIGGINTON and MICKLE, JJ., concur.
NOTES
[1] The claimant's accident and injury occurred prior to the effective date of section 440.13(2)(f), Florida Statutes (Supp. 1990), and the statute may apply in these circumstances as a procedural burden of proof enactment. See e.g., City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA), rev. denied, 458 So.2d 271 (Fla. 1984). But the statute should not be construed as imposing a condition precedent apart from the claimant's burden of proof. Given this limited construction, section 440.13(2)(f), Florida Statutes (Supp. 1990), is applicable in this case. Compare Smith v. DRW Realty Services, 569 So.2d 462 (Fla. 1st DCA 1990), n. 1, with Jackson Manor Nursing Home v. Ortiz, 606 So.2d 422 (Fla. 1st DCA 1992) (Ervin dissenting).