PER CURIAM.
This cause arises from an order of the judge of compensation claims (JCC) awarding attendant care benefits and ordering appellant Ogden Allied Services and Travelers Insurance Company (hereinafter E/C) to pay claimant’s past and present medical bills. The E/C raise three issues on appeal: (1) whether the JCC erred in finding a causal connection between claimant’s ankylosing spondylitis and resulting hip surgeries, and the industrial accident; (2) whether the JCC erred in finding claimant’s current medical condition causally related to the industrial accident; and (3) whether the JCC properly awarded attendant care benefits to claimant’s parents for care provided from March 1,1990 to May 27, 1991. We affirm in part, reverse in part, and remand for further proceedings.
As to the first two issues, we hold there is competent, substantial evidence to support the JCC’s finding of a causal connection between the aggravation of claimant’s underlying ankylosing spondylitis and the industrial accident. See, e.g., Haas v. Seekell, 538 So.2d 1333 (Fla. 1st DCA 1989). As such, the E/C are responsible for payment of all medical care arising from this condition. § 440.15(5)(a), Fla.Stat. (1987); Haas, supra; Cf. Vanguard Pest Control v. Turner, 501 So.2d 66 (Fla. 1st DCA 1987) (physician’s testimony that employee’s surgery, which was necessitated by the industrial accident, could exacerbate employee’s multiple sclerosis, was competent, substantial evidence to show causal relationship between the industrial accident and the employee’s disability).
On the third issue raised, we find competent, substantial evidence to support the JCC’s award of attendant care benefits up to May 27, 1991. Medical and lay testimony indicated claimant required attendant care both before and after his hip surgeries for at least 12 hours per day. Further, the duties performed by claimant’s parents were not ordinary household tasks. See § 440.13(2)(d), Fla.Stat. (1987); Walt Disney World v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983); Barkett Computer Service v. Santana, 568 So.2d 520 (Fla. 1st DCA 1990).
We do hold, however, that the JCC erred in establishing March 1, 1990 as the starting date for the award of attendant care benefits. Under section 440.13(2)(b), Florida Statutes, the E/C are required to pay the employee for attendant care services, if actually needed, when requested by the employee. See Wee Wisdom Montessori School v. Vickers, 584 So.2d 132 (Fla. 1st DCA 1991). Even in the absence of such request, the E/C must provide attendant care where the nature of claimant’s injury and the necessity of treatment are such that the employer knows or reasonably should know, from the facts properly and diligently investigated, that the benefits are due. Smith v. DRW Realty Services, 569 So.2d 462 (Fla. 1st DCA 1990). In this ease, the E/C were never notified of the sudden decline in claimant’s condition until claimant filed a claim for attendant care benefits on March 16, 1992. Notwithstanding claimant’s delayed request, the E/C concede they were aware of Dr. Maddox’s report of August 7, 1990, indicating claimant was confined to a wheelchair. At that point, the E/C were obligated to investigate claimant’s possible need for attendant care. Since the E/C did not, knowledge of claimant’s condition may be imputed from that date forward. See Walt Disney World, supra. Accordingly, we hold the E/C are responsible for attendant care benefits only from August 7, 1990 to May 27, 1991.
Finally, it is conceded by claimant that the JCC erred in awarding attendant care benefits for the periods in which claimant was in *197 the hospital. Thus, we remand for the JCC to determine the exact number of days claimant was in the hospital and credit the E/C for those days.
In sum, we reverse and remand the award of attendant care benefits only to the extent of this opinion. All other aspects of the JCC’s order are affirmed.
BOOTH, WOLF and WEBSTER, JJ.,' concur.