PER CURIAM.
Claimant Cecil E. Bass appeals from a worker’s compensation order in which the Judge of Compensation Claims (JCC) denied claims for attendant care, taxable costs and attorney’s fees. Bass contends that the JCC erred in (1) denying the attendant care claim, (2) finding that Employer/Carrier (E/C) accepted claimant as permanently total disabled (PTD) on May 7, 1990, and (3) determining average weekly wage (AWW). We reverse on the first two issues and affirm on the final issue.
The JCC found that there is “no evidence” that the nature of the injuries required remedial treatment, nursing and attendant care, and “no evidence” that the employer, having knowledge of such injuries, failed to provide the same. The JCC also found that claimant at all times was able to care for himself. The JCC appeared to base this in part on the fact that Bass was never totally confined to a bed nor unable to feed himself. Neither of these facts is dispositive.
Claimant’s treating physician, Dr. Lipinski, testified that claimant could not take care of himself, that attendant care was required, and that Mrs. Bass provided care beyond that of normal spousal duties. The doctor’s testimony was uncontroverted, and was in fact corroborated by the testimony of Bass and his wife. All three testified that Bass required assistance getting out of bed, walking to the bathroom, bathing, changing his bandages, getting his medication, driving to the doctor and putting on and monitoring the electrical stimulator. These are exactly the types of duties that this court has found to constitute reimbursable attendant care. Honeycutt v. R.G. Butlers Dairy, 525 So.2d 984 (Fla. 1st DCA 1988); see also Walt Disney World Co. v. Harrison, 443 So.2d 389, 393 (Fla. 1st DCA 1983) (“it is not the purpose of § 440.13 to burden family members with medically required nursing services and unskilled attendant care when claimant leaves the hospital”).
Even the employer’s safety director, George Bushn, testified that Bass would not be able to take care of himself if he lived alone. Bushn also testified that he knew claimant’s wife took care of claimant, bathed him and assisted him with the electrical stimulator. He also assumed that she drove claimant to the doctors. Although Bushn testified that Bass did not appear to need attendant care and never asked for or was prescribed attendant care, the record contains evidence which, if considered by the judge, would demonstrate that E/C knew or should have known of the need for attendant care. See Ogden Allied Services v. Bryant, 647 So.2d 195, 196 (Fla. 1st DCA 1994) (wheelchair prescription gave rise to an obligation on part of E/C to investigate possible need for attendant care); Favors v. Walgreen Co., 557 So.2d 951 (Fla. 1st DCA 1990) (same); see also Smith v. DRW Realty Services, 569 So.2d 462, 463 (Fla. 1st DCA 1990) (neither worker’s failure to request attendant care nor absence of medical recommendation for such care warrants denial where worker had actual need for attendant care); Walt Disney World Co. v. Harrison, 443 So.2d at 394 (“[A]n employer must offer or furnish benefits which the employer knows or should know from facts properly and diligently investigated that are due.... This obligation cannot be met unless the employer informs the injured worker of the benefits to which he or she is entitled. Section 440.13(1) requires the employer to pay the Claimant for attendant care services obtained by her, even though not first requested, if the nature of the injury requires such nursing services and *1227 if the employer, having knowledge of the injury, failed to provide such services.”).
Here, claimant’s doctor prescribed a wheelchair and walker and sent claimant home in a cast brace from his hip down to his toes. The doctor also testified as to the type and amount of attendant care needed during each time period for which claimant sought care. Competent substantial evidence therefore does not support the JCC’s finding that there was “no evidence that the nature of the injuries required such treatment, nursing, and services; and further, that there is no evidence that the Employer, having knowledge of such injuries, failed to provide the same.” The record provides evidence from which the JCC may impute knowledge to the employer based on the nature and severity of the injury. We must reverse the complete denial of attendant care.
Competent substantial evidence likewise does not support the JCC’s finding that E/C accepted claimant as PTD on May 7, 1990. The JCC indicated that this finding was based on the testimony of claimant, the division filings and the medical records in evidence. None of these support the JCC’s findings. Although the status code on claimant’s benefit check changed from “TT” to “PT” as of May 1990, the amount of the check did not change. E/C never informed Bass of the change in classification, did not file the change with the state, and did not inform Bass that he was already accepted as PTD when he filed his PTD claim on July 10, 1991. E/C waited until after Dr. Lipinski’s deposition in which E/C questioned the doctor about claimant’s status before filing a BCL-14 accepting Bass as PTD on January 17, 1992. After E/C filed the BCL-14 accepting claimant as PTD, Bass received a lump sum supplemental benefit of approximately $25,000. We reverse on this point and direct a finding that E/C accepted PTD status on January 17, 1992.
We affirm the JCC’s ruling on AWW. Claimant contends that the issue of AWW had been withdrawn at the commencement of the hearing. The transcript reveals that E/C wanted to have all issues which were ripe determined and that claimant wanted to have the issue of AWW heard at another time so that he could produce evidence of the value of fringe benefits. The JCC, however, made no ruling on claimant’s motion to withdraw the issue and E/C did not abandon its insistence on trying all ripe issues. Claimant proceeded with the hearing without obtaining an agreement or order which might have narrowed the scope of the hearing. Since the issue of AWW was ripe for review and claimant failed to put forth any evidence despite the fact he had requested a determination of AWW when he filed his claim, pursued the claim through an application for hearing, and filed pretrial stipulations indicating AWW was an issue to be tried, the JCC did not err by ruling on the issue. See Scott Smith Oldsmobile v. Hoffard, 415 So.2d 886, 887 (Fla. 1st DCA 1982) (E.S.) (“A deputy may not rule on issues which are beyond the agreed scope of a hearing”). Moreover, if the JCC had not ruled on the AWW issue, the order would have been interlocutory because it did not decide all issues ripe for review. See Metropolitan Life & Travelers, Inc. Co. v. Antonucci, 469 So.2d 952 (Fla. 1st DCA 1985) (although parties’ attorneys agreed to bifurcate issues and not to address medical or AWW issues, this court held that order disposed of less than all of the issues ripe for review and was therefore interlocutory).
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
ALLEN, KAHN and DAVIS, JJ., concur.