436 So.2d 351 (1983)
Patricia Ann WINKEL, Appellant,
v.
GRAND UNION STORES and Crawford and Company, Appellees.
No. AP-361.
District Court of Appeal of Florida, First District.
August 16, 1983.
*352 Pam Fleischmann, of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & De Castro, Miami, for appellant.
Guy A. Gladson, of Gladson & Sullivan, Miami, for appellees.
WENTWORTH, Judge.
The claimant in this workers' compensation case appeals an order of the deputy commissioner denying her claim for temporary benefits. The order reserved jurisdiction to determine claimant's entitlement to wage loss benefits after finding that claimant had reached maximum medical improvement (MMI) prior to the hearing. Thus, the order would appear facially to be non-final and non-appealable because it did not dispose of all pending claims. Crown Hotel v. Friedman, 420 So.2d 418 (Fla. 1st DCA 1982). However, because of circumstances in this case explained more fully below, we find that the issue of wage loss entitlement was not mature at the time of the hearing, and we therefore review and affirm the order on temporary benefits as a final disposition of all claims which were or should properly have been presented at that time.
Workers' compensation cases are, of course, often resolved piecemeal, resulting in successive, appealable orders. An order awarding or denying temporary benefits, entered prior to the date of MMI, would ordinarily be final and appealable by the adversely affected party. If, however, other benefits are due and could have been claimed at the time of the hearing, then all issues with respect thereto must be raised or they will be barred, unless reserved in some fashion identifying the order as interim and not final. See Hunt v. International Minerals and Chemical Corp., 410 So.2d 640 (Fla. 1st DCA 1982). The question in this case is whether the claim for wage loss had matured, so that its reservation in the order would make that order non-final.
At the hearing on September 17, 1982, the claimant's attorney sought to include a claim for wage loss benefits because the parties had then stipulated that August 9, 1982, was the MMI date. The attorney *353 explained that the parties had become aware of that date during the deposition of claimant's treating physician, taken on September 14, 1982, three days before the hearing. The carrier's attorney objected to the claim for wage loss on the grounds that there was no formal claim pending, and the deputy correctly sustained the objection in view of the time and notice constraints. The deputy re-affirmed this ruling in his order of October 22, 1982. He therefore determined only the claim for temporary benefits, in spite of finding that MMI had been reached on August 9, 1982.[1]
As noted, the deputy's order in this case patently fails to dispose of all matters in question at the time it was entered. We find, however, that where due process considerations would require the exclusion of an issue from a hearing on other noticed issues, a claim involving that point, even if then pending, is not "matured" for purposes of determining that its resolution is a necessary condition for finality of the order. Appellate review is accordingly not deferred until after disposition of the reserved matter. See Hunt, supra. This case is distinguishable from Crown Hotel, supra, because, although the MMI date here had been agreed, the parties had insufficient notice to prepare for or defend against the asserted claim for wage loss. Since due process clearly prevented amendment of the pending claim over objection and required that wage loss be excluded from the hearing then in progress, that claim was not "ripe for adjudication," Crown Hotel, at 419, and its exclusion or omission from the hearing does not prejudice either the finality of the order for appeal purposes or the right to pursue the claim thereafter.
For the foregoing reasons, we have considered the merits of the appeal and find no error in the order.[2]
Affirmed.
BOOTH and THOMPSON, JJ., concur.
NOTES
[1] After the hearing, and prior to the date of the order, claimant filed a formal claim for wage loss. The record contains nothing further to indicate whether that claim will be controverted.
[2] Both parties have referred in their briefs to the deputy's finding of no impairment. However, we do not construe the order as making any findings regarding claimant's permanent physical impairment or lack thereof.