443 So.2d 448 (1984)
CITY OF HIALEAH and GAB Business Services, Inc., Appellants,
v.
Humberto CASCARDO & Division of Workers' Compensation, Appellees.
No. AR-497.
District Court of Appeal of Florida, First District.
January 10, 1984.
*449 John F. McMath, Miami, for appellants.
David H. Levine and Edward Almeyda, of Cornell & Almeyda, Jay M. Levy, of Silver, Levy & Hershoff, Miami, for appellees.
WENTWORTH, Judge.
The employer and its servicing agent appeal an order which modified a February 20, 1981 order, and awarded temporary total disability (TTD) benefits from July 9, 1981, through February 7, 1982. Appellants do not contest the existence of grounds supporting modification, but argue that the award of TTD was improper on procedural and evidentiary grounds. In addition, they argue that the deputy commissioner erred in increasing claimant's compensation rate from that which had been paid previously. We affirm the TTD award but reverse that portion of the order increasing claimant's compensation rate.
Claimant suffered a compensable accident on May 29, 1980, in which his right knee was injured.[1] The employer voluntarily paid temporary total disability benefits (TTD) through July 14, 1980, at the rate of $157.66 per week. On August 29, 1980, a claim for further temporary benefits and medical treatment was filed. That claim was denied on February 20, 1981, by an order finding that claimant had reached maximum medical improvement (MMI) with no residual impairment.
On December 8, 1981, another final order was entered in which further medical treatment was awarded. That order states that a pretrial conference was held on May 26, 1981, and a hearing was held on August 6, 1981. It does not refer specifically to a petition for modification, nor does it find a change of condition other than that which is implicit in an award of further remedial medical treatment after the date of MMI previously determined.
On February 8, 1982, claimant was hospitalized by order of the authorized doctor, and the employer reinstituted TTD payments at the rate previously applied. On February 16, 1982, claimant filed a petition for modification of the February 1981 order which had denied his claim for temporary benefits. The order granting that petition awarded claimant TTD benefits from July 9, 1981, through February 7, 1982, at a compensation rate of $168.67; the increase representing the inclusion of the employer's contribution to claimant's health insurance premiums.
Appellants argue that the award of TTD was improper because there was insufficient evidence of a good faith work search. However, appellants did not raise this issue below and did not cross examine claimant when he testified as to this issue. The issue therefore was not preserved for our review. Alternatively, appellants argue that the claim for TTD was barred because it "should have been made a part of the claim resulting in the order of December 8, 1981."[2]
*450 The latter contention has superficial merit because any claim which could have been made, i.e., was mature at the time of an earlier proceeding, will be barred by its omission. Winkel v. Grand Union Stores, 436 So.2d 351 (Fla. 1st DCA 1983); Hunt v. International Minerals and Chemicals Corp., 410 So.2d 640 (Fla. 1st DCA 1982). However, the record in this case does not show that the claim for TTD benefits for the period in question was mature at the time of the proceedings which resulted in the order for further medical treatment. In fact, the only evidence of those proceedings is the order itself. As noted, that order states that a pre-trial conference was held in May, at which presumably the issues to be litigated were set. Any claim which had matured at that time would ordinarily be barred by an ensuing final order, under the decisions cited. However, a claim for TTD benefits commencing in July could not have been made at that time[3] and any attempt to supplement the claim after the pre-trial conference would have required consideration of the due process principles discussed in Winkel. In the seven-month time span between the date of the pre-trial conference and the date of the order, a claim for TTD benefits might, of course, have been raised. We will not, however, assume such to be the case in the absence of record evidence so indicating.[4]
As to claimant's average weekly wage, it is clear that any claim pertaining to the rate then used by the carrier was necessarily matured and could have been presented at the time of the proceedings which resulted in the order of February 1981. If the wage issue was urged at that time and the deputy failed to rule on it, claimant's remedy was by review of that order; if he neglected to question the rate at which compensation had been paid, such a claim is generally barred thereafter. Hunt, supra. The increased rate awarded was not based on a mistake of fact, newly discovered evidence, or other superseding ground. The deputy therefore erred in assigning claimant a greater AWW and ordering reimbursement for the benefits which had earlier been paid at the lower rate.
That portion of the order increasing claimant's compensation rate and ordering reimbursement for the benefits paid at the lower rate is reversed. The order is affirmed in all other aspects.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Claimant had suffered an earlier injury while working for the same employer, who was then covered by a different workers' compensation insurance carrier. However, issues pertaining to the effect of that accident on claimant's present condition are not involved in this appeal.
[2] Although the issue of the timeliness of the present claim is expressly raised by appellants, we have received no real analytical assistance on the question from either party.
[3] If the order on appeal had awarded temporary benefits for months prior to May 1981, appellants' argument would have apparent validity.
[4] Appellant has the burden of providing such parts of the record as are necessary to support its contentions on appeal. Conner v. Coggins, 349 So.2d 780 (Fla. 1st DCA 1977).