447 So.2d 987 (1984)
SHERATON BAL HARBOUR and Insurance Company of North America, Appellants,
v.
John PLATIS, Employee, and the Division of Workers' Compensation, Appellees.
No. AT-76.
District Court of Appeal of Florida, First District.
March 19, 1984.
H. George Kagan of Miller, Hodges & Kagan, Deerfield Beach, for appellants.
Mark L. Zientz of Williams & Zientz, Coral Gables, for appellees.
THOMPSON, Judge.
In this appeal from a compensation order requiring the employer and carrier (E/C) to pay the claimant's wife for attendant care services, the E/C contend that the services she performs for claimant are not the type of services for which compensation may be awarded. Alternatively, E/C argue that if her services are compensable, the award of $6.50 per hour for 56 hours per week is excessive. We agree with the latter contention and modify the order.
Claimant sustained minor, but irreversible, brain damage in a February 19, 1982 compensable accident. Claimant was 73 years old at the time of the accident. As a result of his accident, claimant has a short-term memory deficit, and has lost 35 percent of the right peripheral vision in his right eye. Because of his memory problem, claimant becomes disoriented in unfamiliar places and cannot remember to take necessary medications. His vision loss and inability to orient himself render him unable to drive. Although claimant is able to take walks alone outside his home, he must restrict them to the confines of his own block, or risk becoming lost. The claimant has no other serious physical handicaps and is able to feed and dress himself, and to take care of his personal hygiene needs. The claimant is an intelligent individual and has experienced extreme anger and frustration as a result of his vision and memory loss problems. He occasionally vents his anger and frustration on his wife.
Claimant's wife, who had retired some two years prior to claimant's accident, testified that she alone had been providing her husband with the care he needed and that she had to watch over her husband virtually all of the time. She indicated that she tries to take the claimant with her whenever she goes out, but that she occasionally leaves him alone at home if she expects to be away from home for only a brief period. The wife does virtually all of their cooking and maintains claimant's clothes for him. However, the wife is not required to watch *988 over her husband at night, and claimant customarily arises before she does each morning and prepares his own coffee and light breakfast.
Claimant's doctor, who also treats claimant's wife, testified that claimant needs constant supervision and that he would not take his medication unless someone made him do so. The doctor indicated that the difficulty and strain of dealing with the claimant continuously and without respite, except at night, was "driving her up the wall" and was exacerbating her medical problems. He further testified that it would be a tremendous help to claimant's wife to have assistance in watching over the claimant, and that she should have "someone to take care of him, at least a couple of hours a day so she could get away."
Evidence of the value of nursing and attendant care services was adduced through the testimony of the operator of a home health care service. This witness testified that she charged $6.50 per hour for furnishing nursing care, which included such services as the monitoring of vital signs, attending to the patient's personal hygiene, preparing meals, and driving patients to their doctors' offices or wherever they might need to go. For furnishing the services of a "sitter," who would do little more than stay with a patient and who would not do any driving or actual nursing, $5.00 per hour was charged.
In the order appealed, the deputy commissioner (deputy) directed the E/C to pay claimant's wife for her services, at the rate of $52.00 for an eight hour shift, seven days per week. The deputy's finding that the claimant was in need of home attendant care services is supported by competent substantial evidence and is affirmed. However, the record is devoid of evidence to support an award of attendant care services at the rate of $6.50 per hour, for eight hours per day, seven days per week. The record affirmatively demonstrates that claimant does not need the type of nursing care services which are valued at $6.50 per hour. Rather, the evidence shows that claimant only needs that type of attendant care services which claimant's own witness valued at $5.00 per hour. Furthermore, the evidence demonstrates beyond question that a large portion of the time the claimant's wife devotes to assisting her husband is spent shopping, cooking, and performing other ordinary household services. Such services, when performed by a family member who resides with the claimant, are considered gratuitous. Pan American World Airways, Inc. v. Weaver, 226 So.2d 801 (Fla. 1969); State Department of Agriculture and Consumer Services v. Handy, 413 So.2d 808 (Fla. 1st DCA), pet. for rev. den., 419 So.2d 1198 (Fla. 1982). The record in this case will not support an award of attendant care services exceeding four hours per day. Therefore, we modify the order to require the E/C to pay claimant's wife for her services at the rate of $5.00 per hour, for four hours per day, seven days per week. The portion of the order which prospectively permits the E/C to continue to pay the claimant's wife for her services or to provide alternative services through a licensed health care provider of its choosing, is affirmed.
As modified, the order is AFFIRMED.
JOANOS, J., concurs.
SHIVERS, J., concurs and dissents.
SHIVERS, Judge, concurring and dissenting:
I respectfully concur and dissent. There is competent substantial evidence supporting an award of attendant care services for eight hours per day, as found by the deputy commissioner. I would affirm the award, in toto, except that I would modify the order to require the E/C to pay claimant's wife for her services at the rate of $5.00 per hour rather than $6.50 per hour.