513 So.2d 203 (1987)
SOUTHLAND CORPORATION and American Motorist Insurance Company, Appellants/Cross-Appellees,
v.
Yrina ANAYA, Cathy Anaya, and Hena Anaya, Appellees/Cross-Appellants.
No. BQ-175.
District Court of Appeal of Florida, First District.
September 9, 1987.
Rehearing Denied October 23, 1987.
Patrick J. Malone of Beisler, Beisler & Malone, West Palm Beach, for appellants/cross-appellees.
Lewis F. Cohen, Miami, for appellees/cross-appellants.
ERVIN, Judge.
The employer/carrier (e/c) raises three issues in its workers' compensation appeal. Claimant and claimant's daughters raise one issue in their cross-appeal. We affirm as to the direct appeal and reverse as to the cross-appeal.
In issues one and two, the e/c objects to the award of attendant care services and the extent of the services awarded. We find there is competent, substantial evidence in the record to support the award of attendant care services seven days a week, six hours per day. Regarding the third issue raised by the e/c, we conclude that there was no abuse of discretion by the deputy commissioner (dc) in failing to allow the e/c to reopen the case in order that additional evidence be presented. The evidence the e/c sought to introduce was merely cumulative, as considerable evidence on the same subject had already been introduced at the hearing. We also observe that a dc has considerable latitude and discretion in determining whether to reopen a case. See Exxon Co. v. Alexis, 370 So.2d 1128, 1131 (Fla. 1978).
*204 In considering the cross-appeal, we agree with the cross-appellants that family members performing attendant care are to be compensated at the market rate. See Sheraton Bal Harbour v. Platis, 447 So.2d 987, 988 (Fla. 1st DCA 1984) (hourly rate for attendant care provided by wife was reduced to the market rate for the type of services provided by the wife). The record in the instant case reflects that the market rate for attendants in Miami is $6.25 per hour for an eight-hour shift. The dc awarded claimant attendant care at the hourly wage of $3.35 per hour, based upon the compensation that claimant's daughters had received while working at a uniform company, before leaving their jobs to care for their mother.
The award of attendant care in the amount of $3.35 per hour is reversed, and on remand the dc is directed to award claimant attendant care at the market rate.
AFFIRMED in part, REVERSED in part and remanded for consistent proceedings.
SMITH, C.J. and MILLS, J., concur.