513 So.2d 200 (1987)
Amos A. SISTRUNK, Appellant/Cross-Appellee,
v.
CITY OF DUNEDIN and Gallagher Bassett Insurance Services, Appellees/Cross-Appellants.
No. BP-416.
District Court of Appeal of Florida, First District.
September 11, 1987.
*201 Ralph J. McMurphy, of Green, Simmons, Green, Hightower & Gray, Ocala, for appellant/cross-appellee.
Thomas D. Masterson, of Masterson, Rogers, Patterson & Masterson, St. Petersburg, for appellees/cross-appellants.
ERVIN, Judge.
The claimant/appellant in this workers' compensation case appeals the deputy commissioner's (dc) determination that he was entitled to only five hours a day of attendant care benefits, and that benefits were due commencing only from the date of the filing of the claim. The employer/carrier (e/c) cross-appeals, contending that the dc erred in awarding any attendant care benefits, in that the claim was ripe for adjudication at a previous hearing, or that, in the alternative, there was no competent, substantial evidence (CSE) from which the dc could determine that $5.00 an hour was the value of the attendant care services rendered by the claimant's wife. We agree with the appellant as to the issues raised in his appeal, and reverse, but affirm the issues on cross-appeal.
The claimant injured his back while working for the e/c in July 1980. In August, a hemilaminectomy and discectomy (removal of the disc and surrounding thin layer) were performed and the claimant returned to work in October. However, in December, he again experienced acute back pain and was unable to continue work. This pain persisted for the next two years, until, in January 1983, the claimant was once more operated on, at which time a spinal fusion was performed and Harrington rods implanted. Immediately following surgery, however, the claimant suffered acute pain and numbness in the leg and genital area, and the Harrington rods were removed in an emergency procedure.
Following his release from the hospital in a full body cast, the claimant continued to have acute lower back pain and spasms in his left leg. Even after the removal of the body cast, the claimant required the assistance of his wife in showering, dressing, getting in and out of bed, walking, and other daily functions, including bathroom functions, as the surgery had rendered him incontinent.
After the filing first of a compensation claim, after which a hearing was conducted on the issue of bad faith attorney's fees, the claimant next filed a claim for the payment of wages to the wife to reimburse her for the attendant care she was providing. The dc awarded attendant care benefits, holding that the claimant's wife should be compensated at the rate of $5.00 an hour, five hours per day; the benefits were made retroactive to the date of the filing of the claim, rather, as contended by claimant, from the date he left the hospital following his last surgery.
We hold there is no CSE to support the dc's finding that the claimant was entitled only to five hours per day attendant care benefits. The claimant's wife testified that she had spent a minimum of eight *202 hours per day during the week and fifteen hours per day on weekends in performing services for the claimant which were beyond her normal household duties. The claimant's doctors supported this testimony. Dr. Jones, an orthopedic surgeon, testified that the claimant required full-time, 24-hour-a-day attendant care services. Dr. Sypert, a neurosurgeon, opined that the claimant required such services eight hours per day. In light of this unrefuted testimony, we conclude that the claimant's wife should be compensated for no less than eight hours per day of attendant care services.
We also find that the dc erred in holding that the claimant was entitled to retroactive attendant care services only from the date of the filing of the claim. We cannot agree with the e/c that it was not given sufficient notice of the need for nursing services prior to the filing of the claim. Under the Workers' Compensation Law, an employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker. An employer must offer or furnish benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due. See Prestressed Systems v. Goff, 486 So.2d 1378 (Fla. 1st DCA 1986); Walt Disney World Co. v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983). Section 440.13(2)(b), Florida Statutes, requires the employer to provide nursing care benefits, even though not requested, if the nature of the injury requires such benefits. In this case, the claimant was released from the hospital following emergency surgery in a full body cast, which obviously would require him to seek some level of nursing assistance. The e/c cannot in good faith assert that it was unaware of the claimant's need for attendant care in the face of the self-executing nature of the Workers' Compensation Law, requiring that the e/c continuously monitor the claimant's progress and provide him with all needed benefits.
Additionally, even if the e/c was actually without notice as to the claimant's need for benefits, no evidence was presented demonstrating that the e/c was prejudiced by the claimant's failure to notify. Contra Winkel v. Grand Union Stores, 436 So.2d 351 (Fla. 1st DCA 1983), wherein the claimant filed an additional claim for wage-loss benefits three days before the hearing on temporary benefits. We held that due process prevented the amending of the pending claim, as the e/c was prejudiced, because it had insufficient time to prepare for or defend against the asserted claim. Id. at 353. It would follow, then, that the corollary to the above rule must also be true: absent a showing of prejudice, the e/c cannot defend on the grounds of lack of notice, or that the claim was "ripe for adjudication" at a prior hearing. See Kraft Dairy Group v. Sorge, 509 So.2d 1156 (Fla. 1st DCA 1987) (claimant was entitled to attendant care benefits on record showing that the e/c's ability to investigate was not prejudiced, and the nature of the injury was such as to impute knowledge to the e/c as to claimant's need for attendant care).
Finally, we affirm the dc's valuation of the wife's services at the rate of $5.00 per hour. Family members providing attendant care are to be compensated at the market rate for such services. See Southland Corporation v. Anaya, 513 So.2d 203 (Fla. 1st DCA 1987); Sheraton Bal Harbour v. Platis, 447 So.2d 987 (Fla. 1st DCA 1984). The evidence in the record, given by the appellant's wife, reflects that the market rate for attendant care services was $6.00 an hour. Although this testimony was admittedly hearsay, in that it was based upon information supplied to the wife by claimant's attorney, we nevertheless decline to consider the appellee's argument raised as to the hearsay rule, as it was not timely raised before the deputy, and, consequently, not preserved for review. Don Harris Plumbing Co. v. Henderson, 454 So.2d 745 (Fla. 1st DCA 1984). The dc apparently arrived at the $5.00-an-hour figure, based on the market rate that was appropriate for the area involved in Sheraton Bal Harbour. Since, however, there is CSE to support an award *203 of $6.00 an hour, and the dc's award has not been appealed by the claimant, we will not reverse the award of $5.00 an hour. Cf. Howard v. State, 462 So.2d 31 (Fla. 1st DCA 1984), pet. for rev. denied, 475 So.2d 694 (Fla. 1985) (even though trial judge denied relief on wrong principle, order should be affirmed, if correct result reached); Whitney v. State, 184 So.2d 207 (Fla. 3d DCA), cert. denied, 192 So.2d 490 (Fla. 1966) (order on review should be affirmed under doctrine that even if wrong reasons were given the right result was obtained).
For the above reasons, the order is reversed and remanded. On remand, the dc is directed to make a redetermination as to the number of hours per day of attendant care services to which the claimant is entitled. That determination, in view of the evidence in the record, shall be no less than eight hours per day. Reimbursement for past benefits due shall begin from the date the claimant left the hospital following the emergency surgery. The issues raised by the e/c on cross-appeal are affirmed.
REVERSED in part, AFFIRMED in part, and REMANDED for further consistent proceedings.
SMITH, C.J., and MILLS, J., concur.