SHIVERS, Judge.
The claimant in this workers’ compensation case appeals an order entered on her petition for modification of an earlier order awarding home attendant care. We affirm in part, reverse, and remand.
Claimant, who is currently 80 years old, was injured in a 1973 industrial accident leaving her permanently and totally disabled. In 1978, the Judge of Industrial Claims entered an order finding that the claimant was in need of 112 hours per week of home attendant care, and that such care was to be provided by claimant’s daughter, Reina Gomez, at the rate of $2.00 per hour, with the exception of the 40 hours per week during which Gomez worked at her regular job outside the home. The employer/carrier were ordered to initially reimburse claimant for 40 hours per week at $2.50 per hour (the rate at which Gomez had hired a family friend and registered nurse to attend to her mother) and, after May 25, 1978, to either increase the hourly rate to $2.65 (the minimum wage at that time) or to provide 40 hours per week of attendant care selected by the employer/carrier.
In 1986, claimant filed a petition for modification of the 1978 order, seeking an increase of both the $2.65 per hour being paid for outside attendant care and the $2.00 per hour being paid to Gomez, based on a deterioration in the claimant’s condition and an increase in the hourly wage for attendant care services. The deputy commissioner entered an order on September 29, 1987, finding that the claimant continued to require 112 hours per week of attendant care, that 40 hours per week were to be provided by outside help and 72 hours by Gomez, that $6.00 per hour was a reasonable rate for outside attendant care, and that $2.00 per hour was a reasonable rate for Gomez since a portion of the claimant’s disability was due to advanced age and a portion of the services provided by Gomez were those which would normally be provided by a loving daughter.
Claimant argues on appeal that the deputy commissioner erred in failing to increase the hourly rate paid to Gomez for attendant care, and in failing to increase the number of hours of attendant care to be provided by outside help. We agree with claimant’s first argument for several reasons. First, the deputy commissioner erred in denying the requested increase in hourly rate to Gomez on the basis that a portion of the claimant’s disabilities were related to her advanced age, since such a finding is, at the very most, related to the claimant’s need for attendant care (which the deputy commissioner specifically found was not in dispute) and not to the hourly rate Gomez should be paid for providing care. Likewise, the deputy commissioner’s finding that a portion of Gomez’s services were those normally provided by a loving daughter, even if supported by the record, is related to the number of hours Gomez should be compensated for providing attendant care, and not to the hourly rate she should be paid for doing so. Since the deputy commissioner specifically determined that the claimant was in need of 72 hours per week of attendant care by Gomez, such a finding was unnecessary. Third, given the fact that Gomez was to provide 72 hours per week of attendant care, the general rule is that family members are to be reimbursed for such care at the market rate. Southland Corporation v. Anaya, 513 So.2d 203 (Fla. 1st DCA 1987); Sheraton Bal Harbour v. Platis, 447 So.2d 987 (Fla. 1st DCA 1984). Although the deputy commissioner ordered that the claimant be reimbursed $6.00 per hour for outside attendant care, that fig *480 ure was based on the amount Gomez had been paying for outside care by hiring friends of the family. The evidence presented at the hearing indicated the market rate to be between $7.00 and $9.50 per hour. Since the deputy commissioner did not make a specific finding of market rate, we remand for him to do so, and to award that amount to Gomez.
We affirm the second issue raised by the claimant — that the deputy commissioner erred in failing to award more than 40 hours per week of outside attendant care — since that issue was not raised in either the claimant’s petition for modification or the pretrial stipulation. Austin Co. v. Lindenberger, 410 So.2d 601 (Fla. 1st DCA 1982).
Accordingly, we affirm in part, reverse, and remand for further proceedings.
MILLS and WIGGINTON, JJ., concur.