578 So.2d 798 (1991)
Florence HUNTER, Appellant,
v.
HERNANDO COUNTY BOARD OF COUNTY COMMISSIONERS and Johns Eastern Co. Inc., Appellees.
No. 90-2320.
District Court of Appeal of Florida, First District.
April 22, 1991.
*799 Michael M. O'Brien, of O'Brien and Hooper, Orlando, for appellant.
Robert B. Battista, Brooksville, for appellees.
ERVIN, Judge.
Appellant, Florence Hunter, seeks review of an attendant care award, contending that there is no competent, substantial evidence (CSE) to support the judge of compensation claims' (JCC's) limitation of attendant care to twelve hours per day for the two-week period immediately following Hunter's release from the hospital, the restriction of attendant care to sixteen hours per week thereafter, and the circumscription of payment for such attendant care to the federal minimum wage. We affirm in part and reverse in part.
In regard to that portion of the order awarding claimant attendant care for twelve hours per day for the two-week period following her release from the hospital, both the medical and the lay testimony was consistent in saying that appellant required round-the-clock attendant care. Thus, an award of attendant care for any time less than twenty-four hours per day during the initial two-week period is not supported by CSE and must be reversed.
Turning next to that portion of the order awarding subsequent attendant care at the rate of sixteen hours per week, the evidence was conflicting regarding this issue. Both claimant and her daughter, who provided the attendant care services, testified that claimant continued to need round-the-clock attendant care. On the other hand, Dr. Homan, claimant's treating orthopedist, testified that something less than continuing care was required. Specifically, Dr. Homan stated that claimant needed assistance with housecleaning, including the heavy chores such as laundry *800 and shopping. He did, however, opine that claimant was capable of attending to her own personal needs and cooking for herself. Although Dr. Homan discussed the possibility of a monitoring system, he did not believe that claimant's condition at that time required constant monitoring.
It is axiomatic that it is the JCC's function to resolve conflicts in the evidence, and, in doing so, he or she may accept the testimony of one witness over that of others. S & S Stove Repair, Inc. v. Dumas, 465 So.2d 644, 646 (Fla. 1st DCA 1985). It is equally true that the JCC's findings and conclusions, even in light of conflicting evidence, will be sustained if such findings and conclusions are permitted by any view of the evidence and its permissible inferences. Gomez v. Neckwear, 424 So.2d 106, 108 (Fla. 1st DCA 1982) (en banc). Here, Dr. Homan's testimony constitutes CSE to support the award, and, as such, that portion of the JCC's order directing payment of attendant care at the rate of sixteen hours per week must be affirmed.
Turning to appellant's final point  the limitation of payment for attendant care to the federal minimum wage  the JCC so ruled on the grounds that it was unnecessary for claimant's daughter to leave her job to care for her mother, and that claimant failed to provide notice to the employer/carrier (E/C) that she was receiving attendant care from her daughter. This portion of the order cannot be affirmed as to either of the reasons stated. Neither the 1988 nor the 1989 version of Section 440.13(2)(e)2, Florida Statutes, provides that a family member affording attendant care is required to leave his or her employment in order to be compensated at the same rate of pay that he or she previously earned. The statute instead provides: "If the family member is employed and elects to leave that employment," he or she shall be paid "at the per hour value of such family member's former employment." (Emphasis added.) Here, it is undisputed that claimant's daughter, a family member, voluntarily left her employment in order to care for her mother. As such, in the absence of evidence that her former wages were greater than those available in the community at large for similar attendant care services, as discussed infra, she was entitled to be paid at a rate equal to the hourly rate of her former employment. Moreover, the E/C was clearly placed on notice of the need for attendant care, because claimant filed a claim form requesting attendant care on July 28, 1989, a little over a month before her September 1989 surgery, which necessitated the attendant care.
The E/C, however, defends the JCC's order reimbursing the family member's service at minimum wage on the theory that it was the claimant's burden, pursuant to the terms of Section 440.13(2)(e), Florida Statutes (Supp. 1988),[1] to establish both the per hour value of the family member's former employment and the per hour value of attendant care in the community at large. We do not agree. We consider that the provisions of the statute reasonably imply that once the claimant has met his or her initial burden of establishing the family member's former wage, the burden of producing evidence showing the family member's entitlement to a lesser amount of compensation is placed on the E/C. The initial burden, we think, is properly classified as a rebuttable presumption affecting the burden of producing evidence, meaning that, as applied to the instant case, once the claimant offered evidence disclosing the per hour value of the daughter's former wages, a presumption arose that she should be paid at that rate. The E/C then had the burden of producing evidence sufficient to rebut that presumption, such as evidence establishing that the income from *801 the daughter's former employment exceeded the per hour value of attendant care available in the particular community. See § 90.302, Fla. Stat. (1989); C.W. Ehrhardt, Florida Evidence § 302.1 (2d ed. 1984).
We consider that the terms of section 440.13(2)(e) permit a JCC to set the per hour value of attendant care service furnished by a family member at the level of the federal minimum wage only in the following circumstances: if the family member was not employed at the time he or she provided such care; if the family member was previously employed at the federal minimum wage rate; or if the per hour value of attendant care available in the community was equal to the federal minimum wage, which was an amount less than that earned by the family member.
The only circumstance that might exist in the case at bar is the last above listed, yet because the E/C produced no evidence establishing that the per hour value of the daughter's former employment exceeded the per hour value of such care available in the community, the trier of fact was required to assume the existence of the presumed fact  that the daughter should be paid in an amount equal to her former wages. Accordingly, because there was no evidentiary support for the judge's finding restricting the per hour value of the daughter's services to minimum wage, that portion of the order is reversed and the cause is remanded with directions that the judge order the E/C to pay the daughter at the per hour value of her former employment.
To summarize: we REVERSE that portion of the order awarding twelve hours of attendant care for the two-week period immediately following claimant's release from the hospital, and direct that payment be awarded for twenty-four-hour attendant care during that period; we REVERSE that portion of the order requiring payment for attendant care at the federal minimum wage and direct that claimant's daughter be paid at the rate of $7.54 per hour, her former hourly wage; and we AFFIRM that portion of the order awarding attendant care at the rate of sixteen hours per week for all times thereafter.
JOANOS and MINER, JJ., concur.
NOTES
[1] Section 440.13(2)(e) provides:

The value of nonprofessional attendant or custodial care provided by a family member shall be determined as follows:
1. If the family member is not employed, the per hour value shall be that of the federal minimum wage.
2. If the family member is employed and elects to leave that employment to provide attendant or custodial care, the per hour value of that care shall be at the per hour value of such family member's former employment, not to exceed the per hour value of such care available in the community at large.