NIMMONS, Judge.
This is a workers’ compensation appeal from an order in which the Judge of Compensation Claims (JCC) awarded nonprofessional attendant care services to the claimant. The employer/carrier (E/C) contend that the claimant is not entitled to benefits under Section 440.13(2)(e)2., Florida Statutes (Supp.1988). The E/C also contend that because the attendant care provided was not “medically necessary”, the JCC’s award of such benefits is not supported by competent, substantial evidence. We affirm.
The claimant sustained an employment injury on July 30, 1988. The claimant’s wife testified that after the accident, she assisted him with various daily functions, including bathing, dressing, walking and driving him to his various medical appointments. She conducted these activities while working 20 hours weekly, earning an hourly wage of $4.30. In October 1988, she elected to leave her employment, and provided nursing services to her husband from mid October 1988 to April 29, 1989 for five to six hours each day. The JCC ordered the E/C to pay the claimant for the nonprofessional attendant care services that his wife provided at a rate of $4.30 per hour for five hours per day, seven days per week for the period from October 15, 1988 to April 29, 1989, except for any days the claimant was hospitalized.
The E/C argue that, correctly interpreted, Section 440.13(2)(e)2. provides that a family member who is providing nonprofessional attendant care services to another family member is only entitled to the federal minimum wage for any hours which exceed the nonprofessional attendant care provider’s former part-time employment hours. The claimant contends that the JCC correctly interpreted the statute to hold that if a family member is employed and elects to leave that employment to provide nonprofessional attendant care, the per hour value of such care shall be the per hour value of such family member’s former employment.
Section 440.13(2)(e), Florida Statutes (Supp.1988), provides:
(e) The value of nonprofessional attendant or custodial care provided by a family member shall be determined as follows:
1. If the family member is not employed, the per hour value shall be that of the federal minimum wage.
2. If the family member is employed and elects to leave that employment to provide attendant or custodial care, the per hour value of that care shall be at the per hour value of such family member’s former employment, not to *315 exceed the per hour value of such care available in the community at large.
For a family member who elects to leave her job in order to provide nonprofessional services, the legislature has not opted to peg the hourly rate to the federal minimum wage. And this is so even though the hours of attendant care services exceed the hours worked in the family member’s former part-time job. As can be seen from the above provisions of Section 440.13(2)(e), the legislature has seen fit to impose the federal minimum wage limitation only in the instance where the “family member is not employed” (subsection 1, supra). We believe it is the legislature’s prerogative to extend the minimum wage limitation to the subsection 2 situation. We have no quarrel with the assertion that the federal minimum wage would be a reasonable limitation as to those attendant care hours which exceed the care provider’s former employment hours. However, it is not for us to redraft subsection 2 to so provide.
Appellant also asserts that the purpose of Section 440.13(2)(e)2., Florida Statutes (Supp.1988) is to replace the “market rate” concept which this Court espoused in Sistrunk v. City of Dunedin, 513 So.2d 200 (Fla. 1st DCA 1987) and Southland Corporation v. Anaya, 513 So.2d 203 (Fla. 1st DCA 1987). In these cases, this Court held that family members should be paid at the market rate for providing nonprofessional attendant or custodial care services. These cases clearly do not support appellant’s contention in the case at bar because the issues raised in these earlier cases are entirely distinct.
The appellant also contends there is a lack of competent, substantial evidence to support the JCC’s order of nonprofessional attendant care services to the claimant. We find the appellant’s argument is without merit.
Therefore, we affirm the JCC’s award of $4.30 per hour for five hours per day, seven days per week for the period from October 15, 1988 to April 29, 1989, except for any days the claimant was hospitalized.
AFFIRMED.
BARFIELD and MINER, JJ., concur.