BARFIELD, Judge.
The employer and carrier (EC) appeal a workers’ compensation order which, inter alia, awards the claimant retroactive housekeeping and attendant care benefits from August 26, 1977 until the date the first formal claim for such benefits was filed, April 14, 1988. We agree with the EC that the Judge of Compensation Claims erred in finding that the EC knew or should have known of the claimant’s need for such care during this period.
Before the specific claim for attendant care was made April 14, 1988, the EC had no actual or constructive knowledge of claimant’s need for such care. Prior to that date, the evidence established only that claimant required attendance for a limited period immediately following her operations and that although she was experiencing ongoing pain, she had been able to return to work for at least a 2-year period. Not until after April 14, 1988 was there any discussion of claimant’s need for day-to-day attendant care unrelated to her postoperative need. Therefore, the EC did not *133 have any express actual notice of claimant’s need for attendant care.
The EC have a continuing obligation to furnish needed benefits which they know or should know are due. Sistrunk v. City of Dunedin, 513 So.2d 200 (Fla. 1st DCA 1987). Knowledge of the need for attendant care is imputed to the EC if the nature of the claimant’s injury and condition are such that the need is apparent. See e.g.: Honeycutt v. R.G. Butler’s Dairy, 525 So.2d 984 (Fla. 1st DCA 1988) (Claimant sustained a herniated disc and underwent three operations, was largely confined to bed, in traction, and in need of extensive personal and medical attendant care); Sistrunk v. City of Dunedin, 513 So.2d 200 (Fla. 1st DCA 1987) (Claimant sustained a back injury and was released from the hospital in a full body cast); Prestressed Systems v. Goff, 486 So.2d 1378 (Fla. 1st DCA 1986) (Claimant hospitalized for 6 months with “massive” neurological injuries and brain damage; upon release claimant unable to chew and subject to tremors, which impaired his ability to walk or perform personal care, as well as cognitive impairment and loss of short term memory). In the instant case, in contrast, claimant clearly did sustain a serious and extensive injury, complicated by equally serious resulting psychiatric problems. But the extent, and the improbability of improvement, became apparent gradually. There is no basis for the EC to have known of her need for attendant care prior to the date of the claim.
In Walt Disney World Co. v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983) we noted that the EC have a continuing obligation to place needed benefits in the hands of an injured worker once they have knowledge of the injury. Once the EC informs the injured employee of his entitlement to benefits it is incumbent upon the employee to make a timely claim for those benefits needed, particularly when there is no clear indication that the EC are aware of the claimant’s need.
Accordingly the award of attendant care benefits for the period of August 26, 1977, to April 14, 1988, is REVERSED.
ZEHMER and WOLF, JJ., concur.