PER CURIAM.
Appellant/claimant, Samuel Sink, appeals from a final order of compensation awarding attendant-care benefits. The claimant raises two points on appeal: (1) Whether the judge of compensation claims (JCC) erred in limiting the award of attendant-care benefits to 12 weeks at 12 hours per day; and (2) whether the judge of compensation claims erred in awarding attendant-care benefits at minimum wage rather than market rate. We affirm as to issue I without comment, but reverse in regard to issue II. We find that the JCC’s award of attendant-care benefits “at the minimum wage in accordance with F.S. 440.13(2)(e)” was erroneous. The 12-week period for which benefits were awarded occurred prior to October 1,1988, the effective date of the statute relied upon by the JCC. Prior to the 1988 amendment to section 440.13(2), Florida Statutes, case law held that a family member providing custodial care to an injured worker was entitled to reimbursement at the market rate in the community where the claimant lived. See, *505 e.g., Southland Corp. v. Anaya, 513 So.2d 203 (Fla. 1st DCA 1987). In the instant case, the JCC did not address a finding of market rate for such services. For that reason, we vacate the rate awarded for attendant care and remand for further proceedings to determine the appropriate reimbursement for attendant care.
ERVIN, WIGGINTON and WOLF, JJ., concur.