WOLF, Judge.
The employer and carrier (E/C) appeal from a workers compensation order which, inter alia, awards claimant retroactive attendant-care benefits from the date claimant was released from the hospital. Appellant asserts that there was not competent substantial evidence to support either the award of attendant care or the number of hours which were awarded. The E/C also asserts that there was insufficient evidence to establish that the E/C knew or should have known of the need for attendant care prior to the date that the claimant requested such care. On cross appeal, George Clark, the claimant, asserts that the JCC erred in not awarding 24-hour-a-day attendant care. We affirm as to all issues except the award of retroactive attendant-care benefits. We find that the evidence does not support a finding that the employer or carrier knew or should have known about claimant’s need for attendant care before the first formal claim was filed. We, therefore, reverse the reward of retroactive attendant care. See Wee Wisdom Montessori School v. Vickers, 584 So.2d 132 (Fla. 1st DCA 1991).
On June 9, 1988, the claimant was involved in a compensable accident when his leg was caught between the bumpers of two motor vehicles. Claimant was treated in the emergency room and released with a brace on his knee. The claimant was later treated in the hospital for thrombophlebitis by the use of blood thinners, and released on July 1, 1988. Dr. Uribe, a surgeon who examined claimant first in September of 1988, testified concerning claimant’s condition and mobility, and indicated that there was no need for attendant care. Testimony indicated that Mr. Clark was at least semi-ambulatory on crutches at the time he was released from the hospital. While the claimant’s treating internist and cardiologist, Dr. Flan, indicated that there was a need for attendant care and assistance upon claimant’s release from the hospital, there is no evidence that he conveyed this information to anyone prior to the taking of his second deposition on October 9, 1990. The record does not show that the need for attendant care was reflected in any of Dr. Flan’s reports. While Mrs. Clark, claimant’s wife, testified as to the extensive care she provided, there is no evidence that she communicated this information to the carrier. Appellee’s only assertion concerning the carrier’s knowledge that attendant care *776 was necessary, was that the need was apparent from the nature of the injury; yet no testimony was presented to indicate that the nature of the injury was such that the carrier should have been alerted to the need for attendant care. Such testimony would not be needed if the injury was so severe as to impute knowledge to the carrier. See, e.g., Honeycutt v. R.G. Butler’s Dairy, 525 So.2d 984 (Fla. 1st DCA 1988) (claimant sustained a herniated disc and underwent three operations; claimant was confined to bed, in traction, and in need of extensive personal and medical attendant care); Sistrunk v. City of Dunedin, 513 So.2d 200 (Fla. 1st DCA 1987) (claimant who sustained a back injury was released from the hospital in a full body east); Prestressed Systems v. Goff, 486 So.2d 1378 (Fla. 1st DCA 1986) (claimant hospitalized for six months with “massive” neurological injuries and brain damage; upon release claimant unable to chew and subject to tremors, which impaired his ability to walk or perform personal care, and impaired his cognitive thinking and short term memory). In the instant case, however, the evidence failed to establish such a level of severity. The order of the JCC makes no findings concerning the E/C’s actual or constructive knowledge of the need for attendant care, nor can we find evidence which would support such a finding. Therefore, the award of retroactive attendant care is reversed. In all other respects, the order is affirmed.
SHIVERS and MINER, JJ., concur.