603 So.2d 26 (1992)
BUENA VIDA TOWNHOUSE ASSOCIATION and Continental Loss Adjusting Co., Appellants,
v.
Joseph PARCIAK, Jr., Appellee.
No. 91-2574.
District Court of Appeal of Florida, First District.
July 15, 1992.
*27 John P. Moneyham of McConnaughhay, Roland, Maida, Cherr & McCranie, P.A., Panama City, for appellants.
Barry Silber of Myrick, Silber & Davis, P.A., Pensacola, for appellee.
ALLEN, Judge.
The employer/carrier appeal a workers' compensation order by which the claimant was awarded various benefits, including payment for attendant care provided by a family member. We conclude that the parties have not shown any reversible error, although we find it necessary to address the rate of pay for the family member's attendant care.
Prior to the enactment of chapter 88-372, Laws of Florida, an award of attendant care provided by a family member required payment at the prevailing market rate for such services. See e.g., Pascual v. Pan American Hospital, 528 So.2d 478 (Fla. 1st DCA 1988); Southland Corp. v. Anaya, 513 So.2d 203 (Fla. 1st DCA 1987). However, chapter 88-372 altered this rule, providing instead that:
The value of nonprofessional attendant or custodial care provided by a family member shall be determined as follows:
1. If the family member is not employed, the per hour value shall be that of the federal minimum wage.
2. If the family member is employed and elects to leave that employment to provide attendant or custodial care, the per hour value of that care shall be at the per hour value of such family member's former employment, not to exceed the per hour value of such care available in the community at large.
This enactment, now contained in section 440.13(2)(h), Florida Statutes (1991), was in effect during the periods in which attendant care was provided to the claimant.
The claimant's family member provided attendant care which was properly determined to be compensable. Although the family member was otherwise employed and found it necessary to alter the circumstances of her employment, she was able to provide such care without reducing the hours of her employment. The employer/carrier contend that payment should be made at the minimum wage, because the family member did not elect to leave her employment. However, section 440.13(2)(h)1 authorizes a minimum wage award only when the family member is not employed. See Winn Dixie Stores, Inc. v. King, 579 So.2d 313 (Fla. 1st DCA 1991). But section 440.13(2)(h)2 authorizes an award at the family member's former rate of pay only when the family member elects to leave the former employment. Therefore, the circumstances of the present case are not encompassed by either of these provisions.
In Artigas v. Winn Dixie Stores, Inc., 578 So.2d 356 (Fla. 1st DCA 1991), where a family member was able to provide care without relinquishing outside employment, a minimum wage award was partly upheld, but the opinion notes that the rate of pay was not at issue on appeal. In Hunter v. Hernando Co. Bd. of Co. Comm'r, 578 So.2d 798 (Fla. 1st DCA 1991), where the rate of pay was at issue, language in the opinion suggests that a family member would not be required to leave outside employment to be compensated at the rate of pay being earned in such employment. But this suggestion in Hunter was merely dicta, and unnecessary to the holding in that case. Upon consideration of the issue in the present case, we conclude that in enacting chapter 88-372 the legislature altered the existing law only as to the two specific instances addressed therein. Insofar as the family member in the present case does not fall within either of those categories, the existing case law remains unchanged and the employer/carrier is obligated to pay for the family member's services at the prevailing market rate.
The award in the present case was made at the family member's rate of pay in her outside employment. Section 440.13(2)(h)2 *28 indicates that such payment may not be awarded in excess of the prevailing market rate. The parties do not contend, and the record does not suggest, that the payment awarded in the present case exceeds market rate. The employer/carrier have therefore failed to demonstrate any reversible error in this regard, and the appealed order is accordingly affirmed.
SHIVERS and MINER, JJ., concur.