ALLEN, Judge.
The claimant appeals a workers’ compensation order by which the judge declined to award an attorney’s fee in connection with an order on attendant care. Because the attendant care order effected an award of medical benefits, and no other benefits were sought or available at that time, we conclude that an attorney’s fee should have been awarded pursuant to section 440.34(3), Fla. Stat. (1987).
The claimant sustained a compensable injury in 1988 and settled a claim for compensation by an approved settlement agreement which preserved future medical. An order was thereafter entered in 1990 awarding attendant care for 49 hours per week. This ruling was upheld in Winn Dixie Stores v. King, 579 So.2d 313 (Fla. 1st DCA 1991). The claimant subsequently filed a new attendant care claim, alleging that the employer had unilaterally reduced such benefits. The employer then filed a petition for modification, and asserted that the claimant’s condition had improved so that there was substantially less need for attendant care. After a hearing the judge entered an order in 1992 awarding attendant care, based on current need, for 12 hours per week. Acknowledging that this could be viewed as a new medical award, the judge nevertheless granted the employer’s petition for modification and declined to award an attorney’s fee for these benefits. On appeal in King v. Winn Dixie Stores, 637 So.2d 66 (Fla. 1st DCA 1994), we reversed and remanded for further consideration as to both the amount of attendant care and the question as to an attorney’s fee.
On remand the judge entered a new order awarding attendant care for 16 hours per week. The judge thereafter entered the appealed order by which she again declined to award an attorney’s fee, noting that the case had been pursued by way of modification and indicating that even if it were considered as a new medical claim the employer had pre *949 vailed by obtaining a substantial reduction in the amount of attendant care.
In recognizing that attendant care could be a new medical award in the 1992 order, the judge cited King Lumber Co. v. Bloomfield, 560 So.2d 389 (Fla. 1st DCA 1990), which indicates that ordinarily it is not necessary to modify a prior order on attendant care for a different period of time. As explained in Caron v. Systematic Air Serv., 576 So.2d 372 (Fla. 1st DCA 1991), attendant care is a periodic benefit so as to be subject to a new claim for each respective period when the benefit becomes due. While prior orders might address factual issues relating to attendant care, and unless modified such determinations may have some preclusive effect under the doctrine of res judicata, estoppel by judgment, or law of the case, Caron emphasizes that the ultimate award of the attendant care benefit for a different period of time involves a new claim. Viewing the later award in the present case in this manner, an attorney’s fee is not precluded merely because the employer obtained a substantial reduction from the amount of care which previously pertained. Insofar as the later award addresses a new period of time, it represents a new award of medical benefits for which an attorney’s fee may be had pursuant to section 440.34(3)(a). Because this case involved a claim for medical benefits only and was thereby within the ambit of the statutory fee predicate, the judge should have awarded an attorney’s fee.
The appealed order is reversed, and the case remanded.
DAVIS, J., and SMITH, Senior Judge, concur.