PER CURIAM.
In this workers’ compensation appeal, Sad-dlebrook Resorts Inc., and Liberty Mutual Insurance Company, collectively the employer/carrier (E/C), appeal an order of the judge of compensation claims (JCC) awarding certain attendant care benefits to appellee Heath (claimant), and claimant cross-appeals a portion of the order reserving adjudication on her claim for 24-hour attendant care continuing beyond the date of hearing. We affirm in part and reverse in part as to the E/C’s appeal, but reverse as to the cross-appeal and remand.
The order on appeal finds that claimant was in need of 24-hour attendant care and directs the E/C to reimburse claimant’s parents for attendant care services rendered from March 1984 through the date of the hearing, October 2,1995. Initially, we affirm the portion of the order determining that claimant was entitled to 24-hour attendant care, because it is supported by competent, substantial evidence. We, however, affirm in part and reverse in part that portion of the order determining the rate of payment.
*669 Because the attendant care statute, section 440.13, Florida Statutes, has undergone substantial revisions in regard to allowable hours and rate of pay over the course of this case, the JCC made specific rulings in regard to each appropriate period. For example, the JCC directed the E/C to pay for 24-hour attendant care at the market rate of $6 per hour for the period from March 1984 through October 1, 1988. Neither party challenges this portion of the order, which is supported by both the facts and the law. See Buena Vida Townhouse Ass’n v. Parciak, 603 So.2d 26, 27 (Fla. 1st DCA 1992) (prior to October 1, 1988, family members who provided attendant care services were entitled to payment at the prevailing market rate); Southland Corp. v. Anaya, 513 So.2d 203, 204 (Fla. 1st DCA 1987).
For the interval from October 1,1988, through September 30, 1989, the JCC was restricted by section 440.13(2)(e), Florida Statutes (Supp.1988), to awarding payment at the federal minimum wage if the family members who provided attendant care were not employed, or at their former hourly wages if they elected to leave their employment to care for claimant, provided their former wages did not exceed the prevailing market rate for the services. Based on a finding that claimant’s father, who performed virtually all of the attendant care, elected to leave his employment in March 1986 to care for claimant, the JCC directed payment for 24-hour services rendered during this period at the rate of $12.50 an hour, which was the father’s former wage. In so doing, the JCC found that there was no evidence before him regarding market rate for this period. We disagree.
In making awards to family members for attendant care, it is the claimant’s initial burden to establish the amount of the family member’s former wage. The burden of producing evidence to show the family member is entitled to a lesser amount of compensation is then placed on the E/C. Hunter v. Hernando County Bd. of County Comm’rs, 578 So.2d 798, 800-01 (Fla. 1st DCA 1991). Admittedly, claimant satisfied her burden of proving her parents’ former wages;[1] however, the JCC erred in finding there was no evidence of market rate. The E/C produced testimony from Rebecca McClure, a claims specialist, who stated that the rates paid to attendant care providers during the 1980s were between $5 and $7 per hour. A ledger sheet admitted into evidence indicated that attendant care provider Betty Burton was paid $125 per day for services rendered on April 26, 1989, and that she was paid the same rate in 1990 and 1991, during which period her hourly rate was $7.50. This ledger, coupled with Ms. McClure’s testimony, provides sufficient evidence to satisfy the E/C’s burden of showing that claimant’s family was entitled to $7.50, at most, per hour for attendant care provided from October 1, 1988, through September 30,1989.
Turning next to the period from October 1, 1989, through the date of the hearing, section 440.13(2)(e), Florida Statutes (1989), continued the same rules for rate of pay, but it limited the number of hours for which a family member could be compensated to a maximum of 12 per day. The JCC directed the E/C to pay for 12 hours of attendant care per day at the rate of $10 per hour for the term from October 1, 1989, through December 31,1992, based on the testimony of Betty Lamont, a self-employed home health aide, as to market rate. We reverse this portion of the ruling as to the rate, because the record shows that Ms. Lamont testified that she was paid $10 an hour in 1995; therefore, her testimony cannot constitute evidence of the market rate during the period from 1989 through 1992. Although one attendant care provider, Delphine Moore, was paid $10 an hour in May 1992, the remaining providers received between $5 and $7.50 during such time. Moreover, Barbara Webb, a clinical supervisor of a home health care company, testified that the hourly rate for attendant care from 1990 through 1993 was $7.25. Because the JCC’s reliance on Lamont’s testimony was error and the remaining evidence concerning the prevailing market rate for *670 this period is conflicting, we remand for the JCC’s reconsideration of the hourly rate for the period from October 1, 1989, through December 31,1992.
Based on testimony from Barbara Webb regarding market rate, the JCC directed the E/C to reimburse claimant’s parents for 12 hours of attendant care per day at the hourly rate of $10.75 for the period from January 1, 1993, through the date of the October 2, 1995, hearing. Although the record reveals conflicting evidence as to market rate during such time, Ms. Webb’s testimony constitutes competent, substantial evidence to affirm this portion of the order.
Turning next to claimant’s cross-appeal, we agree that the JCC erred in withholding adjudication on her claim for continuing 24-hour attendant care until she submitted to an evaluation to determine her ability to live independently, because the claim was then ripe for adjudication. The claim for future attendant care was properly noticed and was at issue at the hearing, and no claim had been made for an evaluation. See Regal Marine Indus, v. Cappucci, 523 So.2d 766 (Fla. 1st DCA 1988) (JCC erred in ordering E/C to furnish nutrition, weight loss and work-hardening programs when such had not been claimed or noticed for hearing). Although the E/C contends that claimant would not say who the provider for future attendant care would be, identity of the provider is immaterial to one’s actual need for attendant care.
AFFIRMED in part, REVERSED in part and REMANDED.
ERVIN and KAHN, JJ., concur.
DAVIS, J., concurs in result only with written opinion.

. Claimant’s mother retired in November 1987 from the American Red Cross, where she had earned $10 an hour.