ON MOTIONS FOR CLARIFICATION AND/OR REHEARING

ERVIN, J.
We grant appellee/cross-appellant’s motion for clarification, deny the parties’ motions for rehearing, and substitute the following opinion.
Office Depot, Inc., and Kemper Insurance Companies, the employer and carrier (E/C), appeal an order awarding attendant care and permanent total disability (PTD) benefits, and authorizing chiropractic and psychiatric treatment. Sally Sweikata, the claimant, cross-appeals portions of the attendant care and PTD awards and the denial of an increase in the average weekly wage. We reverse the authorization of chiropractor Dr. Richard Stopek, because the judge of compensation claims (JCC) erroneously excluded certain deposition testimony that is relevant to causation of claimant’s back condition. On the cross-appeal, we reverse the amount of reimbursement for attendant care services provided to claimant, because the JCC erroneously concluded that such services should be reimbursed at the federal minimum wage. Finally, we reverse the determination of when claimant became permanently and totally disabled and remand for reconsideration and/or clarification. We affirm all remaining issues without comment.
Sweikata developed carpal tunnel syndrome while working as a real estate secretary for Office Depot in November 1994. She eventually developed reflex sympathetic dystrophy (RSD), which has rendered her unable to use her right hand and arm. Claimant’s industrial injury also resulted in the psychological condition of adjustment reaction with depression and anxiety. Based upon the evidence of numerous physicians and a vocational expert, the JCC found claimant to be permanently and totally disabled as of August 6, 1997.
*1191 Sweikata also suffers lower back pain. Dr. Stopek examined claimant and concluded that her back dysfunction and myo-fascial pain syndrome in the neck and low back were brought on by the abnormal position with which claimant holds her upper extremities as a result of her RSD. In authorizing Dr. Stopek to treat claimant, the JCC did not have the benefit of the deposition testimony of osteopath Dr. Michael Kasabian, who had examined claimant in January 1992, before her industrial injury. Sweikata had then complained of shoulder and back pain, and Dr. Kasabian diagnosed congenital scoliosis.
The JCC excluded the deposition pursuant to section 440.13(5)(e), Florida Statutes (Supp.1994), which permits medical opinion testimony only by an expert medical' advisor, independent medical examiner or authorized treating provider, whereas Dr. Kasabian was none of these. This was error, because Dr. Kasabian’s deposition consisted only of a factual report of the information contained in his office records regarding claimant’s visits to him for back pain in 1992. Dr. Kasabian enumerated what Sweikata’s complaints and his diagnosis had been and the treatment he had prescribed, but he offered no medical opinion regarding any of these matters. See Clairson Int’l v. Rose, 718 So.2d 210, 212 (Fla. 1st DCA 1998). This was not harmless, because the existence of a pre-existing back condition may affect the compensability of a current back condition. On remand, the JCC should reevaluate the evidence of claimant’s back condition in light of Dr. Kasabian’s deposition.
The JCC awarded two hours of attendant care per day, which is being provided by Sweikata’s mother and husband. The JCC erred in finding that their services should be reimbursed at the federal minimum wage. Section 440.13(2)(b) states that when an employer is required to provide nonprofessional attendant care, the wage must be the federal minimum hourly wage “[i]f the family member is not employed,” and the hourly value of the family member’s former employment “[i]f the family member is employed and elects to leave that employment to provide attendant care.” There was no evidence that claimant’s mother left her job as a medical secretary in New York for any reason but to move to Florida to care for her daughter; therefore, she should be paid her former wage of $12.50 per hour.
Claimant’s husband’s situation is not encompassed by either of the options in section 440.13(2)(b), because he is still employed and cares for his wife. In such a case, this court has held that the award should be at the prevailing market rate. Buena Vida Toumhouse Ass’n v. Parciak, 603 So.2d 26 (Fla. 1st DCA 1992). The E/C did not dispute claimant’s contention that Mr. Sweikata’s current wage of $12 per hour is within the range for market rate, and thus he is entitled to receive that rate. Id.
As to the award of PTD benefits, the JCC concluded that such benefits should commence on August 6, 1997, the date Sweikata reached maximum medical improvement (MMI) after being' discharged from inpatient hospitalization following an unsuccessful surgical procedure. We remand with, directions to the JCC to clarify or revisit this determination after considering this court’s opinion in City of Pensacola Firefighters v. Oswald, 710 So.2d 95 (Fla. 1st DCA 1998), which was issued after the final order in this case. In Oswald, we concluded that under section 440.15(4)(b), Florida Statutes (Supp.1994), a claimant, such as Sweikata, who is permanently impaired but not yet at MMI at the expiration of the 104-week limit for receiving temporary disability benefits, may nonetheless establish entitlement to PTD benefits prior to MMI. In the case at bar, the language of the JCC’s final order indicates that he believed he could not award PTD benefits until claimant reached MMI.
"In conclusion, we reverse the JCC’s authorization of Dr. Stopek to treat claimant’s back condition and remand for *1192 consideration of the deposition of Dr. Kasabian; we reverse the amount of attendant care reimbursement for services performed by claimant’s mother and husband and remand with directions that they be paid at their former and current wages, respectively; and we reverse the JCC’s award of PTD benefits insofar as they could not commence until claimant reached MMI on August 6, 1997, and remand for either clarification or modification.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK and BROWNING, JJ., CONCUR.