PER CURIAM.
Appellant Robert Johnson seeks the reversal of the amended final order entered by the Judge of Compensation Claims (“JCC”) and a remand with directions that Sylvia Johnson, his wife, be awarded aide and attendant care benefits for the three day training session during her husband’s hospitalization, retroactive benefits for 24-hour attendant care provided by Sylvia Johnson, and for the recalculation of all such benefits at the appropriate reimbursement rates provided for by statute.
We agree with Appellant’s arguments that: (i) the JCC erred in utilizing the minimum wage rate to compensate the employed spouse’s attendant care, and (ii) the JCC erred in refusing to award attendant care benefits for the three days the claimant’s spouse spent at the rehabilitation hospital training to care for her husband.[1]
First, we agree with Appellant that there is no record evidence that Sylvia Johnson left her job for any reason other than to care for her husband. See Office Depot, Inc. v. Sweikata, 737 So.2d 1189, 1191 (Fla. 1st DCA 1999)(reversing because there was no evidence that the claimant’s mother left her job for any reason but to care for her daughter). Accordingly, we reverse the JCC’s ruling on this issue and remand with instructions to award compensation for Sylvia Johnson’s attendant care services at the appropriate statutory rates.
Second, we agree that attendant care benefits should be awarded for the time that Sylvia Johnson spent at the rehabilitation hospital training to care for her husband at the undisputed request of the authorized treating physician and with the undisputed support of the employer/carrier. See Builders Square v. Drake, 557 So.2d 115, 116 (Fla. 1st DCA 1990)(rul-ing that claimant’s daughter’s attendant care was properly awarded because she remained in attendance to assist and to learn new skills to help her father). Accordingly, we reverse the JCC’s ruling on this issue and remand with instructions to award compensation for Sylvia Johnson’s time spent at the rehabilitation hospital training to care for her husband.
Affirmed in part, Reversed in part, and Remanded with instructions.
BOOTH, BROWNING and POLSTON, J.J., concur.

. We find no error in the JCC’s denial of Appellant’s claim for retroactive compensation for the 24-hour attendant care provided by Sylvia Johnson.